Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ALEC ROSKIE, Respondent, for Compensation under the Workmen's Compensation Law, *v.* AMSTERDAM YARN MILLS, INC., Employer, and the AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, May 5, 1920.

**Workmen's Compensation Law — determination of average weekly wage where claimant has worked but short time — determination of average daily wage where week of fifty-four hours was divided into five days of ten hours and one day of four hours.**

The claimant, having worked but three weeks prior to the accident, the determination of the average weekly wage as a basis on which to compute the amount of the award should have been made under subdivision 2 of section 14 of the Workmen's Compensation Law.

Where the basic week in the mill in which the claimant worked was fifty-four hours, which, for the convenience of the employees, was divided into five days of ten hours each and one day of four hours, the proper method of determining the average daily wage of the claimant on the basis of the average wage of other employees is to divide the average weekly wage used as a basis by six, and not by five and one-half.

Appeal by the defendants, Amsterdam Yarn Mills, Inc., and another, from an award of the State Industrial Commission, made on the 11th day of August, 1919, awarding the claimant compensation at the rate of fifteen dollars and eight cents per week for a period of 244 weeks and closing the case.

*Jeremiah F. Connor,* for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

Woodward, J.:

The claimant has been awarded $15.08 per week for a period of two hundred and forty-four weeks for the loss of a hand. There is no question as to the injury or the liability of the employer and the insurance carrier, and the only question presented is the rule governing the determination of the weekly wages of the claimant. It appears from the record that with a basic week of fifty-four hours the employees of the Amsterdam Yarn Mills have worked ten hours per day for five days, and four hours on Saturdays, and these were the hours of the claimant. The claimant had been at work only three weeks at the time of the accident, and it became necessary to resort to the rule laid down in subdivision 2 of section 14 of the Workmen's Compensation Law, and the schedule of wages of a fellow-employee, one Charles Morrell, was filed with the Commission, showing his wages for a period of forty-five weeks, amounting to $969.31. This was at the rate of $21.54 per week, and it is conceded that these earnings fairly represented those of similar employees with the claimant. The Commission, starting with this average weekly wage of $21.54, divided it, not by the six working days of the week, but by five and one-half days, making the average daily wages $3.92, and then by multiplying this average daily wage by 300, it arrives at a total of $1,176 as the annual earnings .

of the claimant. Dividing this sum by the fifty-two weeks of the year, the average weekly wage, which started at $21.54, has been increased to $22.61, and the Commission has fixed the compensation at two-thirds of this sum, or $15.08 per week, while if the original division had been made by the six days of the week the result would have been an award of $13.81, or a total difference of $308.88 for the term of two hundred and forty-four weeks.

It does not appear from the record that Charles Morrell worked any other or different hours than the claimant. Presumptively he worked ten hours per day for five days and then four hours on Saturdays, the same as the claimant. There does not appear to have been any calculation on the basis of five and a half days in fixing his weekly wages, but when it came to the claimant the Commission set up a new rule, and determined that he only worked five and one-half days a week, and that his daily wages must be determined on this basis. This is obviously an erroneous rule. The week which employees were called upon to work consisted by usage of five ten-hour days and one four-hour day. In other words, the day's labor consisted of nine hours application, or fifty-four hours for the week, while the usage of this particular mill — brought about principally by the employees themselves in conjunction with others — was to divide the time as above set forth. But the contract of employment was for a week of fifty-four hours, and the manner in which this was accomplished did not operate to limit the employment to five and one-half days. As said by the United States Supreme Court (*Renner* v. *Bank of Columbia*, 9 Wheat. 581, 585): " The common law knows of no fractions of a day; custom, however, and that introduced, too, principally by banks, has limited the day to a few hours of business," and this custom enters into the contract. The question before the Commission was not how the employees divided up the week but what was the earning capacity of the claimant per week. He worked some part of six days, and what he could earn in that time was the weekly wages of the employment. " The award should not exceed two-thirds of the earning capacity." (*Matter of Littler* v. *Fuller Co.*, 223 N. Y. 369, 372.) The true test, say the court in the case cited, is " What were the average weekly

earnings, regard being had to the known and recognized incidents of the employment, including the element of discontinuousness? "

The award should be reversed and the matter sent back to the State Industrial Commission to adjust the compensation upon the basis of the weekly earnings of the claimant or his representative employee.

All concur.

Award reversed and proceeding remitted to the Commission to adjust compensation upon the basis of the weekly earnings of the claimant or his representative employee.