Before STATE INDUSTRIAL BOARD, Respondent.

THOMAS McDONALD, Claimant, Respondent, *v.* THE BURDEN IRON COMPANY and Another, Appellants.

Third Department, November 15, 1923.

Workmen's compensation — award — average weekly wage — claimant worked in plant where he was injured for twenty-six weeks during preceding year and worked at other employment at other times during year — average weekly wage cannot be determined under Workmen's Compensation Law, § 14, subd. 2, in absence of evidence of daily wage which employees of same class working substantially all of preceding year in same or similar business earned — average weekly wage determined under Workmen's Compensation Law, § 14, subd. 3 — average period of operation of plant was forty weeks — annual earnings on that basis divided by fifty-two represents average weekly wage — earnings while working outside employment cannot be considered.

The average weekly wage of the claimant, who worked in the plant in which he was injured for twenty-six weeks during the year preceding the accident, and also worked at other employment at other times during that year, cannot be determined under subdivision 2 of section 14 of the Workmen's Compensation Law, in the absence of evidence of the daily wage or salary earned by employees of the same class, working substantially the whole of the preceding year in the same or similar employment.

The basis for determining the average weekly wage of the claimant, under subdivision 3 of section 14 of the Workmen's Compensation Law, where it is

shown that the average period of operation of the plant was forty weeks of each year, is the sum which reasonably represents his annual earnings for the period of forty weeks. And the average weekly wage is to be determined by dividing the annual earnings so fixed by fifty-two.

The earnings of the claimant while working at other employment during the preceding year cannot be considered in fixing his average weekly wage.

APPEAL by the defendants, The Burden Iron Company and another, from an award of the State Industrial Board, made on the 30th day of October, 1922, and also from the decision of said Board, made on the 10th day of April, 1923, modifying said award.

*Hart & Senior* [*H. H. Breland* and *John J. McGinty* of counsel], for the appellants.

*Carl Sherman,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

VAN KIRK, J.:

The award was made for thirty-one and one-fifth weeks' disability at eleven dollars and seventy-five cents per week, the average weekly wage of claimant being fixed at eighteen dollars and thirty cents. The one question raised on this appeal is whether or not the Board properly computed the amount of the weekly wage.

The claimant, Thomas McDonald, was injured on June 2, 1922, in the course of his employment while working for the Burden Iron Company as a puddler. The Burden plant is not generally in operation during the entire year. During the year preceding his injury the claimant had worked for this employer only twenty-six weeks, this being the period in which the plant was in operation, and earned therefor $475.98. He worked for the Cohoes Rolling Mill three weeks at $22 a week, but it does not appear what the nature of his work in this employment was. He also worked twelve weeks at $4 a day for the city in the public works department. The method of computing the average weekly wage is set forth in section 14 of the Workmen's Compensation Law. It is conceded that the wages of claimant cannot be computed under subdivision 1. Subdivision 2 provides: "If the injured employee shall not have worked in such employment during substantially the whole of such year, his average annual earnings shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed." The injured employee did not work in his employment substantially the whole of the preceding year and there is no proof in the case of the daily wage or salary which an employee of the same class, working substantially the whole

of such immediately preceding year in the same or in a similar employment, earned. We think, therefore, the computation cannot be made under the 2d subdivision. It must consequently be made under the 3d subdivision, which reads as follows: " If either of the foregoing methods of arriving at the annual average earnings of an injured employee cannot reasonably and fairly be applied, such annual earnings shall be such sum as, having regard to the previous earnings of the injured employee and of other employees of the same or most similar class, working in the same or most similar employment in the same or neighboring locality, shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident." We believe there is sufficient evidence in the case on which to base the just award. The paymaster, who had worked for this employer about twenty-seven years, testifies that forty weeks is the average period of each year in which the employer's works are operated and its men employed. We have also the evidence that, in the period of twenty-six weeks, which was the entire working period of that year, claimant earned $475.98, or per week the sum of $18.31. At this rate, with his annual working time forty weeks, the sum which reasonably represents his annual earning capacity " in the employment in which he was working at the time of the accident," having regard to the previous earnings of the injured employee and of other employees of the same class, working in the same employment in the same locality, was $732.40; and his average weekly wage for the year in the employment in which he was working at the time of the accident was $14.08. We do not think his earnings while working for the city or the Cohoes Rolling Mill can be considered to change this amount. (Workmen's Compensation Law, § 14, subd. 4; *Matter of Littler* v. *Fuller Co.,* 223 N. Y. 369; *Matter of Minniece* v. *Terry Bros. Co.,* Id. 570.) The weekly compensation to which he is entitled (two-thirds of his average weekly wages) is $9.38.

The award should, therefore, be modified by substituting in place of eleven dollars and seventy-five cents the sum of nine dollars and thirty-eight cents, and as so modified the award should be affirmed.

CoCHRANE, P. J., H. T. KELLOGG, HASBROUCK and McCANN, JJ., concur.

Award modified by substituting in place of the sum eleven dollars and seventy-five cents the sum nine dollars and fifty-two [thirty-eight] cents, and as so modified award unanimously affirmed, without costs.