Before STATE INDUSTRIAL BOARD, Respondent.

JOE BELLIAMO, Respondent, *v.* MARLIN-ROCKWELL CORPORATION and Another, Appellants.

*Workmen's compensation — average weekly wage computed under section 14, subdivision 3, and not under subdivisions 1 or 2, where claimant worked only five hours per week for sixteen weeks, four hours per week for fifteen weeks and full time for remainder of year preceding — actual earnings of claimant used as base of annual earning capacity.*

Appeal from an award of the State Industrial Board, made on June 19, 1925.

PER CURIAM: Although the claimant worked substantially the whole of the preceding year, during sixteen weeks thereof he worked but five days per week and during fifteen other weeks but four days per week. Subdivision 1 or 2 of

section 14 of the Workmen's Compensation Law cannot reasonably or fairly be applied. The average weekly wage should be computed under subdivision 3. (*Prentice* v. *New York State Railways*, 181 App. Div. 144; *Limone* v. *Atlas Can Co.*, 202 id. 862.) There is not in the record proof of the previous earnings of other employees of the same class in the same or most similar employment, but we have the proof of the actual earnings of the claimant and it may reasonably be found that this represents the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident. (*McDonald* v. *Burden Iron Co.*, 206 App. Div. 571; *Testo* v. *Burden Iron Co.*, 211 id. 219.) In the previous year he earned $1,317.95. This sum divided by fifty-two gives a weekly wage of twenty-five dollars and thirty-five cents and the rate sixteen dollars and eighty-eight cents. The claim should be remitted, the compensation to be computed as above stated, and the award made after deducting payments already made. All concur. Award reversed and matter remitted, with costs against the State Industrial Board.