In the Matter of the Claim of ANTON REMMERT, Respondent, against C. WEIDENMEYER and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.*

Third Department, November 25, 1932.

*Rabenold & Scribner* [*Samuel Miller* and *Joseph B. Hurewitz* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin, Assistant Attorney-General,* and *Roy Wiedersum* of counsel], for the respondents.

RHODES, J.    The only question involved in this appeal is that of wage rate.    The Board has found that claimant did not work in the employment in which he was working at the time of the accident for substantially the whole of the year immediately preceding the injury, but his average weekly wage is determined at forty-seven dollars per week based on an average weekly wage of an employee of the same class working substantially the whole of such immediately preceding year in the same or similar employment.

Claimant was a baker.    He had worked steadily six days a week for ten years until he was laid off on May 3, 1930, by the closing of the bakery where he worked.    Thereafter for three months until the accident he was employed as what is known as a jobber, that is, he was sent by his union to work at whatever bakery needed help.    As a jobber he worked from one to three days a week.

Claimant was sent by the union to work for the present employer for three days, and was injured on the first day.

There is no evidence to support the finding that the claimant had not worked substantially the whole of the year immediately preceding his injury.    In this respect the matter is similar to *Belliamo* v. *Marlin-Rockwell Corporation* (215 App. Div. 845). (See, also, *Remo* v. *Skenandoa Cotton Co.*, 189 id. 367; *Prentice* v. *New York State Railways*, 181 id. 144.)    The Board, however, has made the award based upon the earnings of an employee working full time, or six days a week, the conceded earnings of a full time employee being forty-seven dollars per week.    Claimant having worked for the whole of the preceding year, although part of the time less than six days per week, his earnings should be computed under the provisions of subdivision 3 of section 14 of the Workmen's

Compensation Law. In this case the award should be based upon the actual earnings of the claimant for the actual number of days he worked during the year immediately preceding his injury. The total of his actual earnings for the year, divided by fifty-two, will furnish the weekly wage upon which the award is to be computed.

The facts in the present case are different from those in *Mackin* v. *Press Publishing Co.* (209 App. Div. 252), cited by the respondent. There the claimant had not worked in the same employment during substantially the whole of the year immediately preceding his injury.

The award should be reversed, with costs against the State Industrial Board, and the claim remitted for the purpose of computing the compensation in accordance with the methods stated herein.

HINMAN and CRAPSER, JJ., concur; VAN KIRK, P. J., and HILL, J., dissent and vote to affirm on the ground that the employment was an all-year employment, and the evidence in the case shows the average annual earnings of an employee of the same class, working in the same employment, in the same neighborhood, and thus established the annual earnings of the injured employee; the wage rate was properly fixed under section 14, subdivision 2, of the Workmen's Compensation Law. (*Littler* v. *Fuller Co.*, 223 N. Y. 369; *Minniece* v. *Terry Brothers Co.*, Id. 570.)

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.