In the Matter of the Claim of MIKE BUDOWSKI, Respondent, against ATLAS STEEL CASTING COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 10, 1933.

*Hart, Senior & Nichols* [*Raymond F. Nichols* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin, Assistant Attorney-General, Hector A. Robichon* and *Roy Wiedersum* of counsel], for the respondents.

McNAMEE, J. The claimant was a laborer in a foundry, and while at his work was injured when a quantity of molten metal exploded and spattered upon him. He was totally disabled for a period of about five weeks up to January 5, 1932, and thereupon he

fully recovered; and from that time on he was fit and willing to work. Concededly he had not worked substantially the whole of the year immediately preceding his injury, and there was no proof of the earnings of others in the same or a similar class or employment, or other employment as defined in the statute, during that period. Both parties assert that the award must depend upon the annual earning capacity of the claimant in the employment in which he was engaged at the time of the accident, computed pursuant to subdivision 3 of section 14 of the Workmen's Compensation Law. The difference arises over the method by which that subdivision shall be applied.

It is undisputed that during the year immediately preceding the accident the claimant worked only 208 days, that in the year preceding that he worked 232 days, and that in the year preceding that he worked 275 days. In arriving at its award the Industrial Board added the earnings of all these years, divided that sum by the number of weeks in the entire period, and thus struck an average annual earning for the three years. The result of this method was to raise the average annual earnings of the claimant from $851.24 for the year immediately preceding the injuries, to the average sum of $1,512.09 for the three years preceding the injury. And thus the sole question presented is whether the Industrial Board, in computing the annual earning capacity, under subdivision 3 of section 14 of the Workmen's Compensation Law, should have confined its computations to the year immediately preceding the injury, or was at liberty to determine that annual earning capacity by resort to a computation of earnings for a period of three years.

It is to be observed that the number of days which the claimant worked in 1929 decreased progressively during the years 1930 and 1931, as the industrial depression advanced; and that his inability to earn in 1931 was not due to his personal condition or circumstances. And there is no ground for an inference that other employees of a similar class or employment, or other employment as defined in the statute, worked or earned any more in 1931 than the claimant did.

It is knowledge common and attributable to all that industry was suffering a progressive depression in 1930 and 1931, from which it has not recovered, and that the labor market suffered correspondingly. And while the fitness and willingness of the claimant to work were not in question, the opportunity to do so was clearly curtailed. An opportunity to work is as essential to earnings or earning capacity as the willingness or fitness of the laborer. (*Marshall* v. *Mahony Co.*, 56 F. [2d] 74, 77, 78.) And the Court of Appeals has said: " Failure to find work is, indeed, no ground for

compensation if the failure has its origin in general business conditions, the slackness of the demand for labor." (*Jordan* v. *Decorative Co.*, 230 N. Y. 522, 525.) And the statute requires that the annual earning capacity of the claimant must be found in the employment in which he is engaged at the time of the accident, or in the other employments therein mentioned (Subd. 3).

It is the spirit and intent of the statute that industry shall bear a reasonably definite share of the accidental impairment which labor suffers therein; and in a given case this share is to be measured by the earnings or the earning capacity of the laborer injured. Industry is not a fixed and constant market for labor, but varies with the tide of business; and when this source of compensation or indemnity alters, the measure of earnings and of earning capacity, within the statutory limits, must change with it. When the injured employee or other employee in the same or similar class or employment works substantially the whole year preceding, the Industrial Board is confined in its computation of earnings, under subdivisions 1 and 2 of section 14, to the year preceding the accident; and no reason is suggested why, in determining the annual earning capacity of a claimant suffering a temporary disability, under subdivision 3, resort should be had to a different period. Corresponding standards of justice and indemnity are sought in all of these subdivisions, despite the necessity of applying one or another of these subdivisions as the varying facts may require.

Cases of temporary disability have been decided under subdivision 3 in which the computation of earnings covered a period of more than one year, in one case cited two and one-quarter years, and in another twenty-seven years (*McDonald* v. *Burden Iron Co.*, 206 App. Div. 571; *Testo* v. *Burden Iron Co.*, 211 id. 219); but in those cases the question presented here was not litigated. Section 14 should be read in its entirety in order to arrive at the true meaning of its parts. And when read thus the legislative intent appears to have been, in fixing the compensation to which an injured employee may be entitled under subdivision 3, in a case of temporary disability, that such earnings or earning capacity must be found within the year preceding his injury. Subdivisions 1 and 2 specifically state that average annual earnings must be based upon earnings for that period; and subdivision 3 provides that " *such* annual average earnings shall be such sum as * * * shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident." In referring to " *such* annual average earnings " in subdivision 3 the Legislature may be fairly presumed to have contemplated earnings arrived at in the way previously specified

in subdivisions 1 and 2, when a different intent is not indicated. The expression " Having regard to the previous earnings " of the claimant and other employees, etc., as we think, has for its purpose a consideration of the earnings of the injured employee and of others in other but similar classes or employments in the places mentioned, rather than a change in the period as specified within which the earnings must be found. It may well be that cases can be suggested in which this interpretation would work a hardship on the injured employee, including cases of permanent disability; and if so, an amendment to the statute would be the proper source of relief.

If the earnings or the basis for the earning capacity of the injured employee were not to be found within the year immediately preceding his injury much confusion and injustice might result. If the industry in a given year could run its plants only a third of the time, and were still required to compensate all injured workmen on the basis of that and other years when operating full time; or if a claimant and his fellows had worked all of the immediately preceding year and were required to accept compensation on the basis of that and other years when little or no work was available to them, the uncertainty if not the injustice of the awards would be as evident in the one case as in the other. The insurance carrier, who has rights and obligations under the statute, may charge premiums only on the basis of the current payroll; and yet if other years of greater or less activity were permitted to lessen or increase its obligations, the result would be not only unjust to the carrier or to the claimant, as the case might be, but the very solvency of the insurance carrier might be jeopardized.

In view of these considerations it cannot be said, in a case of temporary disability, that the average earnings or the annual earning capacity of an injured employee are reasonably represented, if the period of computation is to be extended beyond the year immediately preceding the accident, for the purpose of including years characterized by marked differences in industrial activity and in the market for labor.

The award should be reversed and the case remitted to the Industrial Board to compute the average earning capacity of the claimant upon the basis of earnings during the year immediately preceding the accident.

All concur.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event, to compute the average earning capacity of the claimant, in accordance with the opinion.