In the Matter of the Claim of VINCENT LALLY, Respondent, against GEORGE F. DRISCOLL COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 2, 1934.

*Frank L. Ward,* for the appellants.

*John J. Bennett, Jr., Attorney-General* [*John R. O'Hanlon, Assistant Attorney-General,* of counsel] for the respondents.

HILL, P. J. The amount of the claimant's earning capacity is the only question here presented. I favor an affirmance of the award computed under subdivision 2 of section 14 of the Workmen's Compensation Law which is to be used in cases where the injured employee has not worked substantially the whole of the year in the employment in which he received his injury. His annual earnings shall be computed at the "wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place shall have earned." Under this subdivision the fact-finding body, the Industrial Board, is not permitted to give consideration to the cause of an employee's idleness. The Board may not consider thereunder the merits of any controversy between the employer and the laborer which resulted in a strike and the reasonableness of the attitude of either,

or whether necessity or indolence was the cause of a vacation. Possibly subdivision 3 of the same section would permit a consideration of these questions, for it is to be used if the method provided in subdivision 2 " cannot reasonably and fairly be applied." Thereunder the " annual average earnings shall be such sum as, having regard to the previous earnings of the injured employee and of other employees of the same or most similar class, working in the same or most similar employment, or other employment as defined in this chapter, in the same or neighboring locality, shall reasonably represent the annual earning capacity of the injured employee." The quest thereunder is to ascertain the " earning capacity." A mental predilection toward periods of idleness or to strike or abandon an employment without cause would be reflected in the previous earnings of the employee, one of the elements which the Board is permitted to consider thereunder. Absence from work because of a strike or for a vacation may or may not be regarded as bearing upon earning capacity depending upon the necessity for the strike or the vacation.

The Board determines the amount of earning capacity under its fact finding power. From the evidence here presented, the same result could have been reached under either of the two subdivisions mentioned. I do not find evidence that this employee deliberately elected to limit the time he would work and thus curtail the amount he would earn. I am, therefore, unable to reach the conclusion that " he should not be heard to complain if his actual earnings are accepted as the measure of his earning capacity and the criterion as to what his services are worth."

I favor an affirmance.

CRAPSER and HEFFERNAN, JJ., concur; RHODES, J., dissents with an opinion, in which BLISS, J., concurs.

RHODES, J. (dissenting). An award has been made to claimant upon a wage rate computed, not upon the actual earnings of the claimant himself, but upon earnings of other employees in a similar employment working fifty-two weeks of the year.

The Board has evidently accepted the testimony that the earnings of such an employee for one year would be $1,889.50. The actual earnings of the claimant herein for the year previous to the accident were $621.18. It is not claimed that the nature of claimant's work was seasonal, or that the reasons why claimant did not work substantially the whole of the year immediately preceding the accident were in any way due to the peculiar nature of the employment in question. Claimant testified: " I took a vacation at that time and then we had a strike on after that."

If claimant did not work continuously during the preceding year it was, therefore, the result of his own volition. We have heretofore pointed out that the earnings of an employee must be based upon an honest effort to obtain remunerative employment and that the elements of reason and good faith are material. (*Matter of Smith* v. *Tonawanda Paper Co., Inc.*, 238 App. Div. 690.)

Subdivision 3 of section 14 of the Workmen's Compensation Law provides that, where applicable, the annual average earnings of an employee shall be such sums as " having regard to the previous earnings of the injured employee and of other employees of the same or most similar class * * * shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident." An examination of the decisions applying said subdivision 3 will disclose that the employee's compensation was measured by his own earnings except in those instances where a year had not elapsed since the employee entered that particular class of employment, or where other peculiar circumstances were involved. (*Matter of Remmert* v. *Weidenmeyer*, 237 App. Div. 147; affd., 262 N. Y. 534, and cases therein cited.) There appears to be no dispute that claimant, during any part of the year in question, could have obtained employment had he so desired. He, however, saw fit to take a vacation and then did not work because of a strike. If an employee deliberately elects to limit the time he will work and thus curtail the amount he will earn, he should not be heard to complain if his actual earnings are accepted as the measure of his earning capacity and the criterion as to what his services are worth. An employee's actual earnings should not be padded by adding thereto the earnings of others to establish a wage rate where the employee has refused to work when able. Such a construction of the statute would compel an employer in effect to contribute to a dole for idle employees, and would put a premium on idleness and indolence. If claimant was not fully employed during the year, it was his own fault. His employment should be deemed to have extended over and to have included the entire year previous to his accident for the purpose of establishing his earnings, and only his actual earnings should be considered.

The award should be reversed and the matter remitted to the State Industrial Board to make an award based only upon claimant's actual earnings.

BLISS, J., concurs.

Award affirmed, with costs to the State Industrial Board.