In the Matter of the Claim of NORMAN J. WALL, Respondent, against ROBINS CONVEYING BELT COMPANY and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Award affirmed, with costs to the State Industrial Board.

Hill, P. J., Rhodes and Crapser, JJ., concur; McNamee, J., dissents and votes to reverse the award and to remit, on the ground that the Board determined the earning capacity of the claimant pursuant to subdivision 2 of section 14, Workmen's Compensation Law, and resorted to an artificial basis of the earnings of other persons. This was unfair and unreasonable within the letter and spirit of subdivision 3 of that section, because it did not take into consideration the claimant's own previous earnings. It appears in the record that in the previous year claimant worked nine and one-half months, earning $1,104, and the method pursued by the Board wholly disregards these very substantial earnings for more than three-quarters of the previous year. Bliss, J., dissents, with an opinion.

BLISS, J. (dissenting). The sole question raised on this appeal is as to the rate of compensation. Claimant's disability was partial and permanent. The Industrial Board found that he had not worked substantially the whole year immediately preceding his accident in the employment in which he was working at the time of the accident, and determined his average weekly wage at twenty-six dollars and forty-four cents, predicating this determination upon the average annual earnings of an employee of the same class working substantially the whole of the immediately preceding year in the same employment, thus holding that he came under subdivision 2 of section 14 of the Workmen's Compensation Law.

The proof showed that the claimant had worked for his then employer but three days when the accident happened. He was working five and one-half days per week at four dollars per day, making a total weekly wage of twenty-two dollars, although at one place in the record he testified that his wages were twenty-four dollars per week. This difference is immaterial here. Prior to this employment he had been working for another employer at a different type of work. The employer at the time of the accident submitted a statement showing that other employees who were doing the same kind of work as claimant received sixty cents per hour working forty-four hours per week, amounting in all to twenty-six dollars and forty cents per week and that their earnings for fifty-two weeks amounted to approximately $1,375. The referee fixed the compensation rate at seventeen dollars and sixty-three cents per week which is two-thirds of the twenty-six dollars and forty cents actual weekly wages of the other employees in the same employment.

It was proper to determine the average annual earnings of the claimant under subdivision 2 of section 14 of the Workmen's Compensation Law. Subdivision 1 of the same section did not apply because the claimant had not worked in the employment in which he was working at the time of the accident during substantially the whole of the year immediately preceding his injury. The Industrial Board, however, did not properly apply the provisions of subdivision 2. It accepted the twenty-six dollars and forty cents per week actual wages of the employee of the same class as the average weekly wages of the claimant. This

was not correct. Section 14 provides that the average weekly wages of the employee shall be taken as the basis upon which to compute compensation and subdivision 4 of the same section states: " The average weekly wages of an employee shall be one-fifty-second part of his average annual earnings." Subdivision 2 of the same section states that in such a case as the one at bar the injured employee's " average annual earnings shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed." Under this subdivision it is the *average daily wage* of the employee of the same class and not the actual weekly earnings of such employee which forms the basis for the computation. Here the employee of the same class received sixty cents per hour working forty-four hours per week, making a total of twenty-six dollars and forty cents per week. This amount must be divided by six to ascertain the average daily wage of such employee (*Roskie* v. *Amsterdam Yarn Mills, Inc.*, 191 App. Div. 649), even though such employee may have actually worked only five and one-half days per week. Such division results in four dollars and forty cents as the average daily wage of such employee. Then, following the computation provided for by subdivision 2, that is, multiplying this average daily wage by 300, we find $1,320 to be the average annual earnings of the claimant. This, divided by fifty-two, as required by subdivision 4 of section 14, results in twenty-five dollars and thirty-eight cents as the claimant's average weekly wages. Sixty-six and two-thirds per centum of this average weekly wage gives sixteen dollars and ninety-two cents as the proper compensation rate. (Workmen's Comp. Law, § 15, subd. 3.)

The award should be reversed and the matter remitted to the Industrial Board to fix the compensation rate in accordance with this opinion.