In the Matter of the Claim of IRVING ARONSTEIN, Respondent, against TROJAN HAT COMPANY, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, June 27, 1935.

*Frank L. Ward,* for the appellants.

*John J. Bennett, Jr., Attorney-General [Joseph A. McLaughlin* and *Leon Freedman, Assistant Attorneys-General,* of counsel], for the respondent, State Industrial Board.

*Nathan Mann,* for the claimant, respondent.

HEFFERNAN, J. On April 17, 1933, claimant sustained an industrial accident arising out of and in the course of his employment and received an award for forty per cent permanent loss of use of the left thumb. The compensation awarded is at the rate of seventeen dollars and ninety-seven cents per week based upon an average weekly wage of twenty-six dollars and ninety-eight cents.

On this appeal appellants challenge the correctness of the amount which the Industrial Board awarded claimant. We are thus confronted once again with the question of wage rate, a question which apparently will not down.

In the instant case claimant was a six-day per week worker. It is conceded that he did not work in the employment in which he was injured during substantially the whole of the preceding year. In fact the duration of his employment in the service of that employer did not exceed eight weeks. While claimant was without work for eight months before the accident he had been employed immediately prior to that time receiving a salary of forty dollars per week. At the time he received his injury he

was receiving but twenty dollars per week. He testified that he accepted that rate because he " was in desperate circumstances." The Industrial Board fixed his average weekly wage at the sum of twenty-six dollars and ninety-eight cents. The Board arrived at its determination by taking the total annual earnings of an employee working substantially the whole of the preceding year, who was doing precisely the same kind of work as that performed by claimant, and dividing that amount by fifty-two. In doing so the Industrial Board relied on subdivision 2 of section 14 of the Workmen's Compensation Law, the pertinent provisions of which are:

" § 14. Weekly wages basis of compensation. Except as otherwise provided in this chapter, the average weekly wages of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation or death benefits, and shall be determined as follows:

" 1. * * *.

" 2. If the injured employee shall not have worked in such employment during substantially the whole of such year, his average annual earnings shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed."

It being undisputed that claimant had not worked substantially the whole of the year immediately preceding the accident, the Industrial Board correctly determined his average weekly wage rate. (*Matter of Lally* v. *Driscoll Co.*, 242 App. Div. 304; affd., 266 N. Y. 627; *Matter of Wall* v. *Robins Conveying Belt Co.*, 243 App. Div. 824.)

It is said that *Matter of Lally* is in conflict with *Matter of Remmert* v. *Weidenmeyer* (237 App. Div. 147; affd., 262 N. Y. 534). We perceive no inconsistency in these cases. The facts are not identical. The majority opinion in the *Remmert* case in this court was written by Mr. Justice RHODES who said: " There is no evidence to support the finding that the claimant had not worked substantially the whole of the year immediately preceding his injury." In *Matter of Lally (supra)*, as in the instant case, claimant concededly had not worked substantially the whole of the year preceding the accident. On the contrary, it is apparent that in *Matter of Remmert* he had. The doctrine in the *Remmert* case can be defended and distinguished on no other ground.

Appellants seek a reversal of the award and cite as justification for their contention, *Matter of Barlog* v. *Board of Water Comrs.*,

*Dunkirk* (239 App. Div. 225); *Matter of Ruppert* v. *Plattdeutsche Volksfest Verein* (263 N. Y. 338); *Matter of Budowski* v. *Atlas Steel Casting Co.* (237 App. Div. 667); *Matter of Bruno* v. *City of Niagara Falls* (242 id. 743). These cases are clearly distinguishable.

In the *Barlog* case it appeared that the deceased employee was engaged by the board of water commissioners under the emergency relief statutes of the State. He was without employment for two years preceding the accident and had worked only three days a week during the emergency employment. He received nine dollars and sixty cents a week. The Board allowed a minimum compensation of eight dollars per week. The award was reversed by this court on the ground that the employees upon whose earnings the rate was based did not belong to the same class as the deceased. In writing the opinion for this court Presiding Justice HILL said: " The evidence upon which this amount was fixed was given by officials of the water board, that regular employees working full time for them received at least $1,200 a year. * * * Deceased did not belong to the class of employees who had been and were working full time. The wages received by them did not reasonably represent his annual earning capacity. The premium paid to the insurance carrier is computed upon the actual payroll. Compensation should not be fixed on a fictitious one. Actualities should control."

In the *Ruppert* case the court held that the Industrial Board erred in making its award in " that the decedent's employment was not similar to that of the usual special policeman, * * * but was occasional and seasonal." The court also said, " his earning capacity in that employment must be measured by the wages of those similarly employed."

In the *Budowski* case this court held that the Industrial Board erred in fixing the rate upon the basis of the claimant's actual earnings for the period of three years before the accident instead of one year.

In the *Bruno* case this court reversed the award upon the authority of the *Barlog* case. There the Industrial Board attempted to fix the wage rate upon the basis of the earnings of an employee who was not in the same class as that of the claimant.

Appellants strenuously urge that claimant's compensation should be based upon his actual earnings. To do so, would, as already indicated, be to ignore the provisions of section 14 of the Workmen's Compensation Law. We may not disregard the statute. The function of the court is to interpret law and not to make law.

The award should be affirmed, with costs to the State Industrial Board.

HILL, P. J., RHODES, McNAMEE and CRAPSER, JJ., concur.

Award affirmed, with costs to the State Industrial Board.