In the Matter of the Claim of WALTER JANIAK, Respondent, against RUBEL CORPORATION and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent. — The sole question here is one of wage rate. Claimant had been working for employer only three days when injured. The plant in which he worked operated only four months per year. The wage rate was based upon the payroll of another employee of the same class who had worked throughout the previous year for the same employer at another plant of the employer in the same city. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of JOEL COLDREN, Respondent, against MATHIESON ALKALI WORKS, INC., Appellant. STATE INDUSTRIAL BOARD, Respondent.— The employer is appealing from the decision of the State Industrial Board adjudging that claimant sustained fifty per cent loss of earning ability because of injuries occurring in his employment. Claimant was employed as a filler in the chlorine department of his employer. On May 3, 1925, while engaged in his regular occupation, claimant suffered a strain of the right and left inguinal regions and as a result developed a complete right inguinal hernia and a partial left inguinal hernia. A double herniotomy was performed. About June 22, 1929, claimant suffered recurrent hernias in both right and left inguinal regions for which he was again operated upon. About July 15, 1932, claimant suffered recurrent hernias on the right and left sides and a third operation was necessary. There is evidence to sustain the finding of the State Industrial Board that as a result of the injuries claimant was fifty per cent permanently partially disabled. Appellant contends that it was not permitted to cross-examine a physician who examined claimant. The proof shows that appellant was accorded the opportunity to examine the physician in question and that it declined to do so. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of ARABELLA LOWE, Respondent, against R. G. WRIGHT & COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Decedent, a traveling salesman, was struck by an automobile and killed. This happened as he was leaving a restaurant or roadhouse some miles from his home. In his employment he was not required to have regular hours. In the previous afternoon he had told several persons that he had calls to make in the evening. After supper at his home about six o'clock he said he was going to call on customers. He called at the roadhouse at about eight P. M., ate a sandwich and drank a glass of beer; left, saying he had a call to make; returned to the roadhouse before midnight, stayed until two A. M.; the accident occurred while he was leaving. There is no evidence that he called on a customer during the entire evening. Award reversed and claim dismissed, with costs against the State Industrial Board, on the authority of *Matter of Barber* v. *Harvey & Eddy Co.* (265 N. Y. 661). Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ., concur.