FIREMAN'S FUND INS. CO. et al. v.
PETERSON et al.
No. 9549.

Circuit Court of Appeals, Ninth Circuit.
June 3, 1941.

Harry L. Raffety, David C. Pickett, and Ernest J. Burrows, all of Portland, Or., John H. Black, of San Francisco, Cal., Harry B. Beckett, of Portland, Or., and James M. Wallace, of San Francisco, Cal., for appellants.

Wm. P. Lord and T. Walter Gillard, both of Portland, Or., for appellee A. M. Peterson.

Carl C. Donaugh, U. S. Atty., of Portland, Or., for appellee Wm. A. Marshall.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

Appellants seek review of an order setting aside an award and compensation order made by Marshall as Deputy Commissioner, under the Longshoremen's and Harbor Workers' Compensation Act, 33 U. S.C.A. § 901 et seq.

On May 11, 1938, Peterson while working as a longshoreman for the employer or employers here involved, sustained an injury to his left leg. Peterson filed with Marshall a claim for compensation. Upon hearing thereof, the only question at issue was "the determination of the average annual earnings of the claimant at the time of his injury" as stated by Marshall in his findings.

In determining that issue, Marshall said: "* * * During the period from September, 1936, to September, 1937, the claimant was employed in a lath mill and in an insulating board factory, earning a total in wages of $1,300.00. From December 31, 1937, to the date of his injury, May 11, 1938, the claimant was intermittently employed as a longshoreman at St. Helens, in the State of Oregon. His status was that of a permit man, and he had opportunity to secure employment at the occupation of

longshoring out of that port only after all the members of the longshoremen's union were employed. From December 31, 1937, to and including May 11, 1938, the date of his injury, the claimant earned in the occupation of longshoreman a total of $125.40, an average per week of $6.65. I find that the average annual earnings of the claimant in the employment in which he was working at the time of his injury amounts to 52 times $6.65 or $345.80."

Accordingly, an award of compensation at the rate of $6.65 per week for seven and six-sevenths weeks was made to Peterson.

Peterson then brought this suit, alleging that Marshall erred in not determining that Peterson's average annual earnings in the year prior to his injury were $1,300—the amount earned by Peterson while working in the lath mill and in the insulating board factory. Peterson prayed that an injunction issue requiring Marshall to set aside the award and compensation order and to amend such order so as to allow Peterson the compensation to which he had alleged he was entitled, and "for such other and further relief as may be meet with the principles of equity". The court below set aside the award, and this appeal followed.

Appellants contend that the court should have dismissed the suit because the relief prayed for was beyond the power of the court, since the court is empowered to set aside the award but cannot do more. We do not regard the point as one requiring dismissal of the suit. The general prayer, we think, was sufficient to authorize the proper relief.

Section 10 of the act, 33 U.S.C.A. § 910, provides that "the average weekly wage of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation". It further provides that such average weekly wage "shall be determined" as provided thereafter in subdivisions (a) to (e). In Marshall v. Andrew F. Mahony Co., 9 Cir., 56 F.2d 74, this court held that subdivision (c) was to be applied in determining the average weekly wage of longshoremen who work only intermittently. Subdivision (c) provides that the average "annual earnings shall be such sum as, having regard to the previous earnings of the injured employee and of other employees of the same or most similar class, working in the same or most similar employment in the same or neighboring locality, shall reasonably represent the an-

nual earning capacity of the injured employee in the employment in which he was working at the time of the injury".

The trial court held that Marshall intended to apply § 10(c), but that it did not appear that Marshall "gave proper weight" to the previous earnings of other employees of the same or most similar class, and for that reason the award was set aside. The findings of Marshall do not indicate that he considered the previous earnings of other employees. The record contains no evidence of such earnings. In fact the award amounted to exactly what Peterson himself had earned as a longshoreman.

Appellants contend that the award is based on substantial evidence and cannot, therefore, be set aside, and that the question as to the weight of the evidence is exclusively for the determination of the Deputy Commissioner. These general rules, of course, cannot be disputed. However, it is equally true that Congress has specified what the Deputy Commissioner must do in making an award and compensation order, and has provided that such an order may be suspended or set aside, in whole or in part, if it is "not in accordance with law". 33 U.S.C.A. § 921(b).

As before stated § 10(c) of the act requires the Deputy Commissioner, in determining the average annual earnings of the claimant, to consider "the previous earnings * * * of other employees of the same or most similar class". He failed to do so, and his order, therefore, was "not in accordance with law".

Affirmed.