**FIREMAN'S FUND INS. CO. v. VAN STEENE et al.**

No. 9550.

Circuit Court of Appeals, Ninth Circuit.

June 3, 1941.

Harry L. Raffety, David C. Pickett, and Ernest J. Burrows, all of Portland, Or., John H. Black, of San Francisco, Cal., Harry R. Beckett, of Portland, Or., and J. M. Wallace, of San Francisco, Cal., for appellant.

Wm. P. Lord, T. W. Gillard, and B. Tulley, all of Portland, Or., for appellee J. Van Steene.

Carl C. Donaugh, U. S. Attorney, of Portland, Or., for appellee Wm. A. Marshall.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

By this appeal, appellants seek reversal of an order setting aside an award and compensation order made by Marshall as Deputy Commissioner, under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.

In 1924, Van Steene sustained an injury to his right foot at Seattle, Washington. On October 7, 1934, Van Steene sustained another injury to his right foot at Portland, Oregon. On May 7, 1936, Van Steene sustained another injury to the same foot, at Portland, Oregon, while working as a longshoreman. He filed a claim for compensation with Marshall. At the hearing on the claim evidence was introduced of the previous earnings of other employees in the same class as was Van Steene.

In determining the amount of Van Steene's average annual earnings, Marshall, in his findings, said: "* * * that during the year immediately preceding his injury the claimant had been disabled as the result of a prior injury until his return to work on February 3, 1936; that from February 3, 1936, to and including the time of his injury on March 7, 1936, the claimant earned as a longshoreman a total of $114.66 in 33-½ days; that considering the claimant's earnings during the period stated, his willingness and ability to work, the opportunity for work, and the earnings of other longshoremen of the same class, I find that the claimant's average annual earnings at the time of his injury amounted to the sum $1,245.92; * * *"

Accordingly, an award of compensation at the rate of $15.97 per week for 46 weeks for total disability and a further amount for partial disability after such 46 weeks.

Van Steene brought this suit, alleging that Marshall erred in failing to find that his partial disability was 40% more than he did find and in failing to find that his average annual earnings were $37.50 per week. He prayed that Marshall be required to appear and show cause why the award and compensation order should not be set aside and a new award fixing his compensation at the rate of $25 per week should not be entered and "for such other and further relief as may be meet with the principles of equity".

The court below set aside the award on the ground that it did not appear that Marshall "gave proper weight" to the pre-

vious earnings of other employees of the same or most similar class. The basis for that holding is fully explained in Fireman's Fund Insurance Company et al. v. Peterson et al., 9 Cir., 120 F.2d 547, this day decided, to which reference should be made for a complete understanding of the issue. This appeal followed.

■ Appellants contend that the court should have dismissed the bill because the relief prayed for was not within the jurisdiction of the court. We find it unnecessary to pass on that contention. The general prayer, we think, was sufficient to authorize the proper relief.

We believe the court erred in setting aside the award on the ground asserted. As has been stated there was evidence showing earnings of other longshoremen. The Deputy Commissioner stated in the findings that he had considered such evidence. Having considered such evidence, § 10(c) of the act was complied with. That provision, 33 U.S.C.A. § 910(c), provides that the average "annual earnings shall be such sum as, having regard to the previous earnings of the injured employee and of other employees of the same or most similar class, working in the same or most similar employment in the same or neighboring locality, shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the injury".

■ Although here the evidence of the earnings of the other employees disclosed greater earnings than those of the claimant, we do not understand that the Deputy Commissioner is required to accept as claimant's average earnings, the average earnings of other employees. The real inquiry is: What amount will "reasonably represent the annual earning capacity of the injured employee", and in determining that issue the Deputy Commissioner is required to consider, among other things, the average annual earnings of the other employees mentioned in the statute. Here he did so, but obviously concluded that such annual earnings of such other employees did not "reasonably represent the annual earning capacity of the injured employee". That conclusion was one which a reasonable man could make in view of claimant's previous injuries, and therefore the award should not have been set aside.

Reversed.