## O'HEARNE v. MARYLAND CASUALTY CO. et al.

### No. 5960.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 11, 1949.

Decided Nov. 7, 1949.

Herbert P. Miller, Assistant Chief Counsel, Bureau of Employees' Compensation, Washington, D. C. (Ward E. Boote, Chief Counsel, Bureau of Employees' Compensation, Washington, D. C., George R. Humrickhouse, United States Attorney, Richmond, Va., and John P. Harper, Assistant United States Attorney, Norfolk, Va., on the brief) for appellant.

Hugh S. Meredith, Norfolk, Va. (Vandeventer & Black, Norfolk, Va., on the brief), for appellees.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and BARKSDALE, District Judge.

PARKER, Chief Judge.

This is an appeal from a final decree enjoining the enforcement of a compensation order entered pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., on account of injuries sustained by one Murden, employed as a shipfitter by the Southern Trading Company at Norfolk, Va. There is no question as to the nature of Murden's injury or the extent of the disability resulting therefrom. Compensation was determined by the Deputy Commissioner under 33 U.S.C.A. § 910(b), upon a finding that the employee had been working at the employment in which he was injured for less than a year and that the average weekly wage for employees similarly employed during the preceding year as reported by the employer was $55.20. The judge below granted the injunction because he was of opinion that the compensation should have been determined under 33 U.S.C.A. § 910(c), in view of the fact that the employee had been working at the employment for only two days and his employment during the year preceding his injury had been irregular. He said: "Shipfitter's employment alone was not the fair measure to be applied to the earning activities of the claimant, because it had not in fact been the source of his earnings. Actually they had flowed from a variety of pursuits, even during the year of his injury. To find his earning capacity, study of his previous occupations, his earnings therefrom, and his opportunity, fitness and readiness for work was necessary. This is doctrine in the Fourth Circuit. Baltimore & O. R. Co. v. Clark, [Infra]. The deputy commissioner has not made this inquiry, but has taken the last two days of the claimant's work as exclusively and conclusively indicative of his earning capacity. An award on that basis is 'not in accordance with law'.

The issue before the Deputy Commissioner and in the court below was whether compensation was to be determined upon the basis of the earnings of the employment in which Murden was engaged at the time of his injury or upon the basis of his personal earnings during the preceding year; and the whole contention of appellees was based upon evidence to the effect that he had been working as a shipfitter for only two days and prior to that had worked for a while as a cook on a vessel, for a while as a painter and for several months had been serving a term in prison. Although faint contention is made in the brief of appellees that the employment of a shipfittter in the Norfolk area was "intermittent and discontinuous", no evidence to that effect was introduced before the Commissioner and no such allegation is contained in the bill of complaint. Before entering the compensation order, the Deputy Commissioner wrote counsel for appellees as follows: "On what basis, or evidence, do you state that the employment in the instant case was intermittent and irregular? Shipbuilding and repair is a prize industry in the Port of Norfolk. It is my understanding that this employment is substantially continuous. The cases you cite are cases where the employment, itself, is casual and intermittent."

In reply to this letter, counsel made no contention that the employment of a shipfitter in the Norfolk area was intermittent or discontinuous in its nature, but took the position that section 10(c) of the Act, 33 U.S.C.A. § 910(c), should be applied "whenever the employment of claimant himself is

intermittent and discontinuous". It was this view which was adopted by the Judge below as the basis of his decision; and the question presented by the appeal is whether this constituted error. We think that it did and that the learned judge misinterpreted our decision in Baltimore & O. R. Co. v. Clark, 4 Cir., 59 F.2d 595, 599, in which we were dealing with a case where the employment itself, not merely the prior work of the employee, was intermittent and discontinuous. We said in that case: *

"Subdivisions (a) and (b) are applicable only where the employment is of a continuous nature; for it is only in such cases that the multiplication of the average daily wage by three hundred would approximate the average annual earnings. Where the employment is intermittent or discontinuous in its nature, multiplying the average daily wage paid during employment by three hundred would give as annual earnings a sum far in excess of the actual earning power of the employee, and consequently that method of determining average annual earnings cannot reasonably be applied and the method prescribed by section (c) must be followed. * * * It is not clear whether the deputy commissioner in the case at bar made his calculation under sections (a) or (b). In either case, he was in error. The record shows that the employment of Ellis was intermittent and discontinuous. During the twelve months' period prior to August 1, 1931, he earned in his employment with the company $527.30. From August 1st to August 25th, the day of his injury, he earned $51.45. His common-law wife testified that when not working for the company 'he used to pick up day's work now and again'; * * *."

The reasoning underlying the act is that compensation is to be based upon the employee's earning capacity in the employment in which he is engaged at the time of injury. If he has worked in that employment for a year preceding the injury, his own earnings furnish the basis of compensation under subsection (a). If he has. worked in the employment less than a year, compensation is computed under subsection (b) and is based on the average earnings over the preceding year of an employee of the same class working in such employ-

* The statute to which the discussion relates is as follows:

"Sec. 910. Determination of pay. Except as otherwise provided in this chapter, the average weekly wage of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation and shall be determined as follows:

"(a) If the injured employee shall have worked in the employment in which he was working at the time of the injury, whether for the same or another employer, during substantialy the whole of the year immediately preceding his injury, his average annual earnings shall consist of three hundred times the average daily wage or salary for a six-day worker and two hundred and sixty times the average daily wage or salary for a five-day worker, which he shall have earned in such employment during the days when so employed.

"(b) If the injured employee shall not have worked in such employment during substantially the whole of such year, his average annual earnings, if a six-day worker, shall consist of three hundred times the average daily wage or salary, and, if a five-day worker, two hundred and sixty times the average daily wage or salary, which an employee of the same class working substantially the whole of such immediately preceding year in the same or in similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed.

"(c) If either of the foregoing methods of arriving at the average annual earnings of the injured employee cannot reasonably and fairly be applied, such average annual earnings shall be such sum as, having regard to the previous earnings of the injured employee in the employment in which he was working at the time of the injury, and of other employees of the same or most similar class working in the same or most similar employment in the same or neighboring locality, or other employment of such employee, including the reasonable value of the services of the employee if engaged in self-employment, shall reasonably represent the annual earning capacity of the injured employee.

(d) The average weekly wages of an employee shall be one fifty-second part of his average annual earnings."

ment. Where neither (a) nor (b) can reasonably or fairly be applied because of the nature of the employment, as where it is intermittent or discontinuous in nature, then the compensation is to be determined under (c) on the basis of the annual earning capacity of the employee. As said by the Supreme Court of California, construing a similiar statute in Mahaffey v. Industrial Accident Comm., 176 Cal. 711, 171 P. 298, 299:

"Both subdivisions 1 and 2 contemplate a kind of employment which is permanent and steady, and which, for that reason, affords to an employe the possibility, at least, of earning annually an amount measured by the number of working days in a year, estimated and fixed by the act at 300. Where this kind of employment is not shown to exist, the case falls within subdivision 3, under which the annual earnings are to be taken as the sum which will 'reasonably represent the average annual earning capacity.' * * *.

"Under this subdivision, the amount of annual earnings is not reached by multiplying the employe's daily earnings by any arbitrary figure, but by ascertaining from the evidence what his earning capacity in fact was. * * * "

■ The reason that the actual earnings of the employee are taken into account under (c) but not under (a) or (b) is obvious upon reflection. Compensation is based upon the earning capacity which is impaired or destroyed by the injury; and where the injury occurs in employment of a permanent and steady character, compensation based upon the earnings of that employment fairly compensate for the loss of earning capacity that has been sustained. Where the employment is discontinuous or irregular, however, compensation cannot fairly be based upon such earnings. To treat the irregular wage as though it were regular, would be unfair to the employer, and to treat the earnings from the employment as the sole earnings of the employee would be unfair to him, since the injury which he has sustained in the service of his employer has impaired his earning capacity not only in that service but also in the other work in which he has been engaged. In such situation, it is necessary to consider the history of the employee's earnings, including those from other employment, to determine his earning capacity; and this is what (c) contemplates and what was held by this court in Baltimore & O. R. Co. v. Clark, supra.

To hold that the prior earnings of an employee are to be considered in determining his earning capacity when he is injured in a regular, continuous employment, even though shortly after the beginning of his service, would lead to most absurd and unjust consequences. It would mean that an employee injured shortly after promotion would be compensated on the basis of prior and not present earning capacity, that one who had drawn a salary in some public position before accepting employment could have that considered to raise the compensation against his employer, or that a former student or a released prisoner would have his compensation decreased because unable to show prior earnings. Two men working at the same job and earning the same wage would receive different compensation for identical injuries because one had had large earnings in the preceding year and the other had been a student in college. Of course no such consequences were contemplated in the enactment of the statute; and an interpretation which would necessarily lead to them is to be avoided. Where the employment is of a permanent or continuous nature, the only fair method of computing compensation is to base it upon the earnings of the employment, and this is what we think the act requires.

The interpretation which we place upon the act is not only required, we think, by its express language, its reason and spirit, and the effects and consequences of any other interpretation, but is in accord with the decisions elsewhere construing it. See Gunther v. United States Employees Compensation Commission, 9 Cir., 41 F.2d 151; Andrew F. Mahoney Co. v. Marshall, D.C., 46 F.2d 539, and cases there cited; affirmed 9 Cir., 56 F.2d 74; Continental Casualty Co. v. Lawson, 5 Cir., 64 F.2d 802;

Hartford Accident & Indemnity Co., v. Hoage, 66 App.D.C. 160, 85 F.2d 411; Fireman's Fund Ins. Co. v. Peterson, 9 Cir., 120 F.2d 547; Fireman's Fund Ins. Co. v. Van Steene, 9 Cir., 120 F.2d 548. It also accords with the New York decisions construing the workmen's compensation law of that state which was followed by Congress in enacting the statute in question. See Bylow v. St. Regis Paper Co., 179 App. Div. 555, 166 N.Y.S. 874; Hodder v. Fleisher Engineering Co., 251 App.Div. 762, 295 N.Y.S. 462, affirmed 277 N.Y. 637, 14 N.E. 2d 198; Williams v. Harrison & Meyer, Inc., 246 App.Div. 877, 285 N.Y.S. 87, affirmed 272 N.Y. 538, 4 N.E.2d 725; Janiak v. Rubel Corp., 245 App.Div. 875, 282 N.Y.S. 147; Aronstein v. Trojan Hat Co., 245 App.Div. 151, 281 N.Y.S. 73.

It is argued by appellees that, upon a holding that the judge below was in error, the case should be sent back to the Deputy Commissioner to take further testimony as to whether the occupation of shipfitter in which the employee was engaged was not intermittent and discontinuous in its nature. This, however, seems to be a mere grasping at straws. If appellees desired to take further evidence as to the character of the occupation involved, they should have done so when their attention was so sharply called to the matter by the Deputy Commissioner in the letter from which we have quoted. Not only did they not ask to introduce such evidence then, when they could have done so, but they raised no such question in their bill of complaint seeking to set aside the order of the Deputy Commissioner. There is no deficiency in the findings upon which the order is based nor in the evidence by which they are supported. Subsection (c) is applicable by its express term only where (a) and (b) "cannot reasonably and fairly be applied"; and, in the absence of evidence that they cannot be so applied, the Deputy Commissioner is justified in applying them.

For the reasons stated, the decree appealed from will be reversed.

Reversed.