338 F.2d 464
 Joseph B. WHITE and James Purdham, Appellants,
v.
Stephen O'HEARNE, Deputy Commissioner, Bureau of Employees'
Compensation,Fourth Compensation District, and
Maryland Shipbuilding & Drydock Company,Appellees.
 No. 9520.
 United States Court of Appeals Fourth Circuit.
 Argued Sept. 22, 1964.
Decided Nov. 9, 1964.
 
 Bernard G. Link, Baltimore, Md., for appellants.
 George M. Lilly, Atty., U.S. Dept. of Labor (Charles Donahue, Sol., and Alfred H. Myers, Atty., U.S. Dept. of Labor, and Thomas J. Kenney, U.S. Atty., and Joseph H. H. Kaplan, Asst. U.S. Atty., on brief), for appellee Stephen O'Hearne.
 Thomas E. Cinnamond (Semmes, Bowen & Semmes, Baltimore, Md., on brief), for appellee Maryland Shipbuilding and Drydock Co.
 Before SOBELOFF, Chief Judge, and HAYNSWORTH and J. SPENCER BELL, Circuit Judges.
 PER CURIAM.
 
 
 1
 The appellants, two employees of the Maryland Shipbuilding and Drydock Company injured in the course of their employment, seek review of a judgment of the district court affirming compensation orders and awards under the Longshoremen's and Harborworkers' Compensation Act by the Deputy Commissioner of the Department of Labor's Bureau of Employees' Compensation, Fourth Compensation District.
 
 
 2
 This appeal raises two issues. It is contended first that the Deputy Commissioner should have used subsection (b) of section 910 of the Act,[1] rather than subsection (c), in computing the earnings of these employees for purposes of the compensation awards, and second, that even if subsection (c) was the correct section, it was misapplied. Both issues must be decided against the appellants.
 
 
 3
 On the first issue, we agree with the district court that the evidence in the record amply supports the Deputy Commissioner's findings of fact and conclusions of law that because their employment during the appropriate statutory period was intermittent and irregular in nature, these employees are not within the categories covered by subsections (a) and (b) of the Act. This point was long ago clearly settled in this Circuit by the opinion in Baltimore & O.R.R. Co. v. Clark, 59 F.2d 595 (4 Cir. 1932), and reaffirmed in O'Hearne v. Maryland Casualty Co., 177 F.2d 979 (4 Cir. 1949). In the former case the principle is discussed at length, and we see no need to repeat what was said there, since its application to the facts in this case is obvious.
 
 
 4
 As to the second point, appellants assert that the Deputy Commissioner considered only their actual earnings during the twelve month period preceding the injury even though the statute required that he consider the earnings of other employees in appellants' seniority units. The record before us clearly shows, however, that the Deputy Commissioner considered and compared the earning records of employees performing the same work who had both higher and lower seniority status than the litigants. After making the comparison, he reached the expert conclusion that the use of the litigants' actual earnings for the previous twelve month period was fair and equitable to all concerned, because the seniority system controlled the availability of work for the individual employee, resulting in substantial differentials in earnings. The weight which the Deputy Commissioner gave to these facts is a matter within his expert competence; and since his conclusions are in accordance with law, we must accept them. 33 U.S.C.A. 921; Walsh Stevedoring Co. v. Henderson, 203 F.2d 501 (5 Cir. 1953); Colonna's Shipyard, Inc. v. O'Hearne, 200 F.2d 220 (4 Cir. 1952).
 
 
 5
 The appellants' reliance upon Fireman's Fund Ins. Co. v. Peterson, 120 F.2d 547 (9 Cir. 1941), is not well taken. The opinion in that case clearly states that the award was set aside because there was no evidence that the previous earnings of other employees had been considered. Here the Deputy Commissioner's memorandum in support of the compensation orders expressly recites that he considered the earnings of other employees; however, he concluded that this information did not justify changing his decision to use the appellants' actual earning experience as the basis for the compensation awards.
 
 
 6
 Affirmed.
 
 
 
 [1]
 The relevant parts of 33 U.S.C.A. 910 are:
 '910. Determination of pay
 'Except as otherwise provided in this chapter, the average weekly wage of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation and shall be determined as follows:
 '(a) If the injured employee shall have worked in the employment in which he was working at the time of the injury, whether for the same or another employer, during substantially the whole of the year immediately preceding his injury, his average annual earnings shall consist of three hundred times the average daily wage or salary for a six-day worker and two hundred and sixty times the average daily wage or salary for a five-day worker, which he shall have earned in such employment during the days when so employed.
 '(b) If the injured employee shall not have worked in such employment during substantially the whole of such year, his average annual earnings, if a six-day worker, shall consist of three hundred times the average daily wage or salary, and, if a five-day worker, two hundred and sixty times the average daily wage or salary, which an employee of the same class working substantially the whole of such immediately preceding year in the same or in similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed.
 '(c) If either of the foregoing methods of arriving at the average annual earnings of the injured employee cannot reasonably and fairly be applied, such average annual earnings shall be such sum as, having regard to the previous earnings of the injured employee in the employment in which he was working at the time of the injury, and of other employees of the same or most similar class working in the same or most similar employment in the same or neighboring locality, or other employment of such employee, including the reasonable value of the services of the employee if engaged in self-employment, shall reasonably represent the annual earning capacity of the injured employee.
 '(d) The average weekly wages of an employee shall be one fifty-second part of his average annual earnings.'