Before STATE INDUSTRIAL BOARD, Respondent.

CHARLES TESTO, Respondent, *v.* BURDEN IRON COMPANY and Another, Appellants.

Third Department, January 7, 1925.

**Workmen's compensation — award — claimant had not worked substantially for whole year immediately preceding accident — actual weekly earnings multiplied by average number of weeks claimant worked during year and result divided by fifty-two represents average weekly earning capacity — Workmen's Compensation Law, § 14, subd. 3, applied.**

The average weekly earning capacity of the claimant who had not worked substantially a whole year preceding the accident should have been determined under subdivision 3 of section 14 of the Workmen's Compensation Law by multiplying his average actual weekly earnings by the average number of weeks he worked in one year and dividing the result by fifty-two.

APPEAL by the defendants, Burden Iron Company and another, from awards of the State Industrial- Board, made on the 9th day of November, 1922.

*Hart & Senior* [*H. H. Breland* of counsel], for the appellants.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

VAN KIRK, J.:

The claimant, a puddler, working for the Burden Iron Company, which was a manufacturer of iron, has received an award fixing weekly compensation at seventeen dollars and eighteen cents. The one question presented on the appeal is the amount of this weekly compensation. The claimant had not worked in this employment, in which he was working at the time of the accident, substantially the whole of the year immediately preceding; the mills had been periodically closed; and there was no evidence given to show the average daily wage which an employee of the same class, working substantially the whole of the year immediately preceding in the same or similar employment, earned. The parties maintain, and we think properly, that the computation must be made under subdivision 3 of section 14 of the Workmen's Compensation Law.

It is agreed, as the proof shows, that claimant, during the one hundred and seventeen weeks immediately preceding the time of the accident, had earned in this employment $2,816.71. (The Board had calculated that at $2,816.62; a quite immaterial difference.) During this period he actually worked seventy-seven weeks. One hundred and seventeen weeks are two and one-quarter years. He, therefore, worked an average of thirty-four and twenty-two one-hundredths weeks per year. Since he earned $2,816.71 in seventy-seven weeks, he earned while actually working $36.58 per week. His average annual earnings then were $1,251.85; that is, thirty-six and fifty-eight one-hundredths times thirty-four and twenty-two one-hundredths. This sum, under the evidence in this case, reasonably represents the annual earning capacity of the claimant " in the employment in which he was working at the time of the accident." (*McDonald* v. *Burden Iron Co.*, 206 App. Div. 571; *Gruber* v. *Kramer Amusement Corp.*, 207 id. 564.) One-fifty-second of that sum (Workmen's Compensation Law, § 14, subd. 4) gives an average weekly wage of $24.07, two-thirds of which is $16.05, the weekly compensation to which he is entitled.

The award should, therefore, be modified by substituting therein sixteen dollars and five cents in place of seventeen dollars and eighteen cents and by changing the amount of the award to conform thereto, and as so modified affirmed, without costs.

Award modified by substituting therein sixteen dollars and five cents in place of seventeen dollars and eighteen cents, and by changing the amount of the award to conform thereto, and as so modified unanimously affirmed, without costs.