In the Matter of the Claim of FRED CLEVELY, Respondent, against UPSON COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 10, 1933.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin, Assistant Attorney-General*, and *John R. O'Hanlon* of counsel], for the respondents.

RHODES, J. The appeal presents the question of the annual earning capacity of the claimant.

The accident happened September 5, 1931, while claimant was employed as a cutter by the appellant employer, which was engaged in business as a wall board manufacturer.

During the year immediately prior to the accident, claimant worked for said company each week, although most of the time he did not work six days a week. The schedule of wages paid shows that the days of his employment in any one week varied from one to six. The variation in the days of his employment was because of slack times, and as a side line he sold monuments for his brother-in-law.

Claimant earned for said year $1,249 in the work which he did for appellant. He also worked on commission for another employer selling monuments, and such commissions during the same period of time amounted to $1,140.10. The Board has found that the average annual earnings of the claimant should be determined in accordance with subdivision 3 of section 14 of the Workmen's Compensation Law, and has found such annual earnings to be $2,389.10, which is the total of the wages earned by him in the employment of the appellant-employer plus his commissions earned in selling monuments for another employer.

As the claimant did not work the full number of days in each week during the year, the Board was correct in applying subdivision 3 of said section 14 in determining claimant's annual earning capacity. (See cases cited in *Matter of Remmert* v. *Weidenmeyer*, 237 App. Div. 147.)

The appellant argues that it was error for the Board to take into consideration the commissions earned in selling monument~ and the point is well taken.

Subdivision 3 of said section 14 provides in part that " such annual average earnings shall be such sum as, having regard to the previous earnings of the injured employee and of other employees of the same or most similar class, working in the same or most similar employment, or other employment *as defined in this chapter*, in the same or neighboring locality, shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident."

Thus in cases where it is proper to consider the earnings of an employee in a similar employment, or other employment, such employment must be of a kind " as defined in " the Workmen's Compensation Law; that is, such other employment must be one for which the employee would be entitled to compensation under the act.

Selling monuments is not one of the hazardous employments enumerated in section 3 of the Workmen's Compensation Law; neither is there any proof showing that claimant's occupation as a salesman was within the provisions of group 18 of subdivision 1 of said section 3, which makes the law applicable to any employment carried on by an employer in which was engaged or employed four or more workmen or operatives; nor is there any proof that claimant's employer in the monument business had brought himself within the provisions of the act as provided by group 19 of subdivision 1 of said section 3.

There being no proof that claimant's work as a salesman was one of the employments *defined* in the act, it was error for the Board to include commissions thus earned as a part of his wages for the purpose of determining his annual earning capacity and wage rate.

The award should be reversed, with costs to the appellants, and the claim remitted to the Board for the purpose of establishing a proper wage rate.

All concur.

Award reversed, with costs to the appellants against the State Industrial Board, and claim remitted to the Board for the purpose of establishing a proper wage rate.