## Third Department, March, 1935.

In the Matter of the Claim Made by VERDIA MARSHALL and Others, Respondents, against OSWEGO COUNTY COUNCIL BOY SCOUTS OF AMERICA and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Award affirmed, with costs to the State Industrial Board.

Hill, P. J., McNamee and Heffernan, JJ., concur; Rhodes, J., dissents, with an opinion in which Crapser, J., concurs.

RHODES, J. (dissenting). We are required by this appeal to consider the troublesome question of wage rate. On June 19, 1933, the deceased employee commenced his work as cook at a boys' camp. He worked about six weeks until July 29, 1933, when he received injuries which resulted fatally. For this period his earnings, which included board and lodging for himself and family, amounted to $195. For the year immediately prior thereto he had been employed as a relief worker by the city of Oswego, and his earnings from such relief work amounted to $539.41; thus his total earnings for the year immediately preceding the injury amounted to the sum of $734.41.

The Board refused to consider the earnings of the deceased as a relief worker, but determined his earning capacity on the theory that he " did not work in the employment at which he was working at the time of the accident during substantially the whole of the year immediately preceding his injury," and measured his earning capacity by the earnings of other cooks employed during substantially the whole of the year immediately preceding the date of the accident. Upon this basis, the Board thought that subdivision 2 of section 14 of the Workmen's Compensation Law should be applied.

Such subdivision provides, in substance, that if the injured employee shall not have worked in such employment during substantially the whole of the year preceding the accident, such earning capacity shall be measured by that of an employee of the same class working substantially the whole of such preceding year in the same or in a similar employment.

The deceased, however, had been employed for the entire year preceding the accident, and his earnings as a relief worker are to be considered. (*Matter of Barlog* v. *Water Comrs. of Dunkirk*, 239 App. Div. 225.)

During the time that deceased was employed as cook he worked seven days per week. This is one of the reasons why subdivision 3 of section 14 of the Workmen's Compensation Law should be applied. (*Prentice* v. *N. Y. State Railways*, 181 App. Div. 144; *Matter of Clevely* v. *Upson Co.*, 237 id. 671; *Belliamo* v. *Marlin-Rockwell Corp.*, 215 id. 845; *Matter of Remmert* v. *Weidenmeyer*, 262 N. Y. 534.)

In cases where subdivisions 1 and 2 of said section 14 cannot reasonably and fairly be applied, then subdivision 3 thereof governs, and under subdivision 3 the earning capacity of the injured employee ordinarily is to be determined by his actual earnings for the year. (*Matter of Remmert* v. *Weidenmeyer, supra; Matter of Budowski* v. *Atlas Steel Casting Co.*, 237 App. Div. 667; *Matter of*

*Orlando* v. *Snider Packing Corp.*, 230 id. 557; *Belliamo* v. *Martin-Rockwell Corp.*, *supra; Testo* v. *Burden Iron Co.*, 211 App. Div. 219; *Rooney* v. *Great Lakes Transit Corporation*, 191 id. 10; *Gruber* v. *Kramer Amusement Corp.*, 207 id. 564; *Matter of Barlog* v. *Board of Water Commrs. of Dunkirk, supra; Matter of Damm* v. *Schreier Contracting Co.*, 235 App. Div. 478; *Matter of Hebert* v. *Dent Furniture Co.*, 262 N. Y. 675.)

The earnings of the employee in other employments during the year are to include only those from employments covered by the Workmen's Compensation Law. (*Matter of Clevely* v. *Upson Co.*, 237 App. Div. 671.)

It is probable that the nature of decedent's relief work was within the class of employment covered by the Workmen's Compensation Law; at least this is not questioned by the appellants.

The award should be reversed and the claim remitted for the purpose of determining the proper wage rate as herein indicated, with costs to the appellants to abide the event.

Crapser, J., concurs.