[598 NYS2d 393]

In the Matter of the Claim of HELEN ABELLON, Appellant, v NYACK HOSPITAL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, June 3, 1993

APPEARANCES OF COUNSEL

*Freedman, Wagner, Tabakman, Weiss & Insler,* New City *(David MacRae Wagner* of counsel), for appellant.

*Raymond C. Green,* New York City *(Patricia McMahon* of counsel), for Nyack Hospital and another, respondents.

OPINION OF THE COURT

HARVEY, J.

Claimant, a registered nurse working two days per week at Nyack Hospital in Rockland County, was injured on November 3, 1988 when she sustained a lower back injury while lifting a patient. At the same time claimant was employed at Nyack Hospital she was also employed as a nurse three to four days per week at Holy Name Hospital in New Jersey, an employer not covered by the Workers' Compensation Law. After claimant filed for benefits, a Workers' Compensation Law Judge (hereinafter WCLJ) found no "concurrent" employment as contemplated by Workers' Compensation Law § 14 (6) but continued the case on the issue of whether claimant's two employments could be considered in computing benefits under the doctrine of "dual and similar" employment *(see, e.g, Matter of Sneyd v Joy-Kar Taxi,* 34 AD2d 722). Thereafter, a WCLJ issued a decision which found that claimant earned $476.34 per week at Nyack Hospital and $504.46 per week at Holy Name Hospital for a combined average weekly wage of $980.80. The State Insurance Fund appealed this decision and the Workers' Compensation Board modified claimant's average weekly wage to $476.34 based solely on the Nyack Hospital earnings. This decision was made on the basis that "only concurrent *covered* employment is to be considered in establishing the claimant's average weekly wage" (emphasis in original). This appeal by claimant followed.

We affirm. The Board correctly applied Workers' Compensation Law § 14 (6) to exclude the wages of claimant's similar but noncovered concurrent employment from the average weekly wage calculation. Contrary to claimant's assertions on appeal, there is little question from the legislative history that the "concurrent" employment law effectuated by Workers' Compensation Law § 14 (6) has replaced the former "dual and similar" law *(see generally,* Bill Jacket, L 1985, ch 416; *see also, Matter of Tucker v New York City Health & Hosps. Corp.,*

188 AD2d 34, 37). When benefits were calculated under the old law, they were computed using the average weekly wage in the employment in which the injury occurred, whether it occurred in full-time or part-time employment; wages from other employment were used only if the second employment was found to be "similar" to the employment in which the injury occurred (Letter from General Counsel to Workers' Compensation Board, Bill Jacket, L 1985, ch 416). It was found that this law proved to be inequitable to persons who were injured while working part-time jobs for extra money that were dissimilar to their full-time employment. Accordingly, Workers' Compensation Law § 14 (6) was enacted to provide that if an injured worker was employed in two or more concurrent covered employments, the wages in all the employee's covered employments would be used in calculating the employee's average weekly wage and resulting benefit rate *(see, ibid.)*. The employer in whose employment the injury occurred would pay all benefits but any benefits paid out as a result of the income from concurrent employments would be reimbursed to the employer through the Special Disability Fund *(see,* Workers' Compensation Law § 15 [8] *[l])*.

The sole reason claimant does not qualify for benefits under Workers' Compensation Law § 14 (6) is because her concurrent employment was not *covered* employment. Claimant argues that this situation is unfair to her because she allegedly would have qualified for increased benefits under the former "dual and similar" law. We note, however, that it is not entirely clear that claimant's *noncovered* employment would have qualified to enhance her benefits under the former law *(cf., Matter of Clevely v Upson Co.,* 237 App Div 671, 672; *see also, Matter of Marshall v Oswego County Council Boy Scouts,* 243 App Div 821, 822 [dissenting mem], *affd* 268 NY 650). In any event, even if claimant's argument had some validity, we cannot agree that Workers' Compensation Law § 14 (6), as drafted and interpreted by the Board itself *(see, Matter of Tucker v New York City Health & Hosps. Corp.,* 188 AD2d 34, 38, *supra),* improperly excludes noncovered employment from consideration. As noted by one commentator, such an exclusion is fair "because only covered employers' insurance carriers contribute to the Special Disability Fund from which the excess compensation will be recovered" (Minkowitz, Practice

Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 14, at 471).

WEISS, P. J., YESAWICH JR., CREW III and MAHONEY, JJ., concur.

Ordered that the decision is affirmed, without costs.