■ In the Matter of the Claim of Samuel Lashlee, Respondent, v Pepsi-Cola Newburgh Bottling, Respondent, and Special Disability Fund, Appellant. Workers' Compensation Board, Respondent. [754 NYS2d 102] —Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed January 11, 2001, which ruled that claimant had concurrent employment with Robert H. Auchmoody Funeral Homes, Inc.

The record establishes that claimant was employed by both Pepsi-Cola Newburgh Bottling and Mid-Hudson Limousine Service, Inc. On July 19, 1999, claimant sustained an injury while in the employ of Pepsi-Cola and applied for workers' compensation benefits. In a June 2000 decision, a Workers' Compensation Law Judge (hereinafter WCLJ) established the case for injury to claimant's back and computed his average weekly wage to be $542.80 for Pepsi-Cola and $217.30 for the concurrent Mid-Hudson employment (making a total average weekly wage of $760.10). Subsequently, claimant provided notice that he had additional concurrent employment with Robert H. Auchmoody Funeral Homes, Inc. and, therefore, contended that the total average weekly wage amount should be increased.

On October 6, 2000, a hearing was held on the issue of, inter alia, concurrent employment; specifically, whether claimant worked for Auchmoody as an employee or independent

---

contractor. By decision filed October 18, 2000, the WCLJ found that Auchmoody was an additional concurrent employer and established an average weekly wage of $131.36 per week for that employment. The Special Disability Fund, which is obligated to reimburse Pepsi-Cola for the increases in claimant's total average weekly wage due to concurrent employment,[1] appealed that decision. The Fund argued, inter alia, that claimant worked as an independent contractor for Auchmoody and, therefore, the work could not be considered "covered" employment for purposes of Workers' Compensation Law § 14 (6). The Workers' Compensation Board rejected that argument and affirmed the WCLJ's decision, prompting this appeal.

Initially, we note that the Fund has not pursued on this appeal its challenge to the finding that Auchmoody was claimant's employer and, therefore, that issue has been abandoned (see Matter of Hamm v USF Red Star, 284 AD2d 793, lv denied 97 NY2d 602). Instead, the Fund challenges the Board's conclusion that claimant's employment with Auchmoody was "covered" employment within the meaning of the statute (see Workers' Compensation Law § 14 [6]). According to the Fund, since there was no proof presented that Auchmoody had purchased a workers' compensation insurance policy at the time of claimant's accident, the Board erred in its conclusion that Auchmoody was a covered employer.

We do not agree with the Fund's definition of "covered" employment as referring to an employer with an active workers' compensation insurance policy in place. Contrary to that argument, a "covered" concurrent employer, within the meaning of Workers' Compensation Law § 14 (6), refers to an employer who falls within the purview of the Workers' Compensation Law. Thus, for example, an out-of-state employer (see Matter of Abellon v Nyack Hosp., 190 AD2d 128, affd on op below 83 NY2d 812) or a federal employer (see Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 14, at 471) cannot be considered to be covered within the meaning of the statute. Here, the unchallenged proof in the record was that Auchmoody was a corporation doing business in several different locations in this state (see Workers' Compensation Law § 2 [3];

---

1. Workers' Compensation Law § 14 (6) states that "[i]f the injured employee is concurrently engaged in more than one employment at the time of injury, the employee's average weekly wages shall be calculated upon the basis of wages earned from all concurrent employments covered under this chapter." Any additional wage from concurrent employment is paid first by the employment where the employee was injured, and then it is reimbursed by the Fund (see Workers' Compensation Law § 14 [6]).

§ 3 [1] [Group 14-a]), therefore, the Board was justified in characterizing Auchmoody as an employer "subject to this chapter" who "shall in accordance with this chapter * * * secure compensation to his employees and pay or provide compensation for their disability or death from injury" (Workers' Compensation Law § 10 [1]; *see* Workers' Compensation Law §§ 50, 52).

Given the proof presented, we find no reason to disagree with the Board that the issue of whether Auchmoody actually carried a workers' compensation insurance policy as required by statute (*see* Workers Compensation Law § 10 [1]; § 50) is "irrelevant to the issue of concurrent employment."[2] Assuming, arguendo, that Auchmoody did fail to secure workers' compensation for its employees as required, we cannot agree with the Fund that such a factor would be dispositive in determining the applicability of Workers' Compensation Law § 14 (6). An employee's right to have his or her wages from concurrent employment included in the average weekly wage should not hinge upon whether that employee is fortunate enough to be employed by an entity in compliance with the law. Since the Workers' Compensation Law must be liberally construed in favor of employees in order to achieve its humanitarian purpose (*see Matter of Smith v Tompkins County Courthouse*, 60 NY2d 939), under the circumstances herein, we affirm the Board's decision.

The remaining arguments advanced by the Fund have been considered and found unpersuasive.

Crew III, Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.

2. We note that the Fund makes no argument that Auchmoody is not an employer obligated to obtain workers' compensation insurance for its employees.