*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   November 17, 2016                 522938
_____

In the Matter of the Claim of
    KEVIN KRAZIT,
                        Appellant,

        v

SKI WINDHAM OPERATING                    MEMORANDUM AND ORDER
    CORPORATION et al.,
                        Respondents.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:   October 20, 2016

Before:   McCarthy, J.P., Lynch, Devine, Mulvey and Aarons, JJ.

                        _____


        Mraz & Gaud PLLC, Albany (Amina Karic of counsel), for
appellant.

        William O'Brien, State Insurance Fund, Albany (Edward
Obertubbesing of counsel), for Ski Windham Operating Corporation
and another, respondents.

                        _____


Aarons, J.

        Appeal from a decision of the Workers' Compensation Board,
filed June 4, 2015, which ruled that claimant was not
concurrently employed.

        In January 2013, claimant injured his right shoulder while
working as a ski patrol supervisor at a ski area in Greene County
and his claim for workers' compensation benefits was established.
Claimant was subsequently found to have a 15% schedule loss of

use of his right arm and his average weekly wage was set. Claimant thereafter requested that the calculation of his average weekly wage be modified to include concurrent earnings from his New Jersey-based contracting business.  Following a hearing, a Workers' Compensation Law Judge found that claimant's contracting business did not constitute covered employment for purposes of Workers' Compensation Law § 14 (6) and denied claimant's request to modify his average weekly wage.  The Workers' Compensation Board affirmed this decision and claimant now appeals.

We affirm.  Pursuant to Workers' Compensation Law § 14 (6), "an employee's average weekly wages shall be calculated upon the basis of wages earned from all concurrent employments covered under this chapter."  A covered concurrent employer "refers to an employer who falls within the purview of the Workers' Compensation Law" (Matter of Lashlee v Pepsi Cola Newburgh Bottling, 301 AD2d 879, 880 [2003]).  An out-of-state employer is not considered to be a covered employer within the meaning of Workers' Compensation Law § 14 (6) (see id. at 880; Matter of Abellon v Nyack Hosp., 190 AD2d 128, 129-130 [1993], affd 83 NY2d 812 [1994]).

Here, claimant, who resides in New Jersey, works at the ski area in New York annually from December to April.  The remainder of the year he operates his wholly-owned contracting business, which is incorporated in New Jersey and carries a New Jersey workers' compensation insurance policy that includes coverage for work in other states, including New York.  According to claimant's testimony, despite his business being incorporated in New Jersey, approximately 75% of his contracting work took place in New York in 2012, the year prior to his injury.  He also testified that he has had a home improvement contractor license issued in Rockland County for 20 years.  A review of claimant's tax returns for 2012 reflects, however, that the only income that he declared that he had earned in New York for that year was $3,860, corresponding to his income for working as a ski patrol supervisor.  Inasmuch as "[t]he Board is vested with the discretion to weigh conflicting evidence and evaluate the credibility of witnesses, and its resolution of such matters must be accorded great deference" (Matter of Donovan v BOCES Rockland County, 63 AD3d 1310, 1312 [2009]; accord Matter of Friedman v

New York City Dept. of Transp., 69 AD3d 1020, 1023 [2010]), we find that substantial evidence supports its determination that claimant's contracting business constituted an out-of-state employer and, therefore, was not a covered employer within the meaning of Workers' Compensation Law § 14 (6) (see Matter of Abellon v Nyack Hosp., 190 AD2d at 129-130; compare Matter of Lashlee v Pepsi Cola Newburgh Bottling, 301 AD2d at 880-881).  In our view, the fact that claimant may have been eligible for workers' compensation benefits if he had been injured while doing contracting work in New York and that he possesses a home improvement contractor license issued in New York does not compel a different result.

McCarthy, J.P., Lynch, Devine and Mulvey, JJ., concur.


ORDERED that the decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court