In the Matter of the Claim of HELEN SNEYD, Respondent, v. JOY-KAR TAXI et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— COOKE, J. Appeal from a decision of the Workmen's Compensation Board, filed January 23, 1969, which awarded death benefits at the maximum $36 rate, after determining that the total earned by the employee in concurrent similar employments in the year prior to the accident was to be used as the basis for computing the average weekly wage. William Sneyd was injured fatally on March 5, 1967 while driving a cab for Joy-Kar Taxi, by whom he had been employed for about two years, working about one to two days a week. He received therefrom $1,439.20 in wages from January, 1966 to March, 1967, inclusive, besides $3 to $5 per working day in tips. For about six and a half years and until February 24, 1967, when discharged, decedent also worked on a full-time shift as a school bus driver for County School Service, Inc., receiving $4,293.50, including $117.18 vacation pay, during the year prior to dismissal. Appellants do not controvert the widow's right to death benefits and concede that decedent's two employments were similar, but they contend that the combined earnings for both jobs was not the proper basis for an award since, on the date of the accident, decedent was employed only by Joy-Kar Taxi. Section 14 of the Workmen's Compensation Law, entitled "Weekly wages basis of compensation", provides methods of computing a claimant's average weekly wage. Subdivisions 1 and 2 are inapposite since decedent was not a five- or six-day worker in the employ of Joy-Kar Taxi. Subdivision 3, implicitly applied by the board (cf. *Matter of Beach* v. *Launder Needs Co.*, 24 A D 2d 789, 791), is relevant since by its terms neither of the methods of arriving at the average annual earnings of the injured employee, as specified in subdivisions 1 and 2, could reasonably and fairly be applied. Section 14 has been interpreted to mean that, if an employee has concurrent similar employments, the wage basis is the total earned in the several employments (*Matter of Smith* v. *James*, 12 A D 2d 833; *Matter of Walla* v. *Streigel*, 2 A D 2d 914, mot. for lv. to app. den. 2 N Y 2d 708; *Matter of McDowell* v. *Flatbush Congregational Church*, 252 App. Div. 799, 277 N. Y. 536). Appellants' argument is based on the mere words "at the time of the injury" in the introductory paragraph of section 14, overlooking the well-recognized maxim of statutory construction that the statute must be read as a whole (cf. *Juba* v. *General Bldrs. Supply Corp.*, 7 N Y 2d 48, 53; *Matter of Schmidt* v. *Wolf Contr. Co.*, 269 App. Div. 201, 203–204, 205–206, affd. 295 N. Y. 748). Although the "average weekly wages of the injured employee at the time of the injury" are mentioned, this reference serves as a time demarcation for examining past, as well as potential future, earnings of the injured or deceased employee. The general tenor of the entire provision, consistent with the well-recognized purpose of wage calculation, focuses upon the employee's annual earning *capacity* (see *Matter of Beach* v. *Launder Needs Co.*, *supra* at 790; *Matter of Moquin* v. *Glens Falls Hotel Corp.*, 245 App. Div. 56, 58). Thus, subdivision 3 refers to the past

earnings of the employee, as well as to wages paid to individuals similarly employed, as determinative factors of the "annual earning capacity of the injured employee". The board correctly used the total wages of the dual or multiple similar employments in computing the average weekly wage. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Cooke, J.