In the Matter of the Claim of ANNE BUMP, Appellant, *v.* CENTRAL SCHOOL DISTRICT No. 3, MONTROSE, NEW YORK, et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 28, 1972.

*Noviello & Torphy* (*William J. Torphy* of counsel), for appellant.

*Herbert Lasky* (*Joseph F. Manes* of counsel), for Central School District No. 3 and another, respondents.

*Louis J. Lefkowitz, Attorney-General* (*Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, P. J. This is an appeal by the claimant from a decision of the Workmen's Compensation Board, filed August 5, 1971, which denied her claim for death benefits.

The claimant's husband was employed by the respondent as a Social Studies teacher. As a part of his duties, he was involved in developing a bibliography and necessary materials for the incorporation of minority culture information into the Social Studies curriculum. The respondent's high school principal testified that it was essential to develop a program in regard to the Afro-American History and that he had encouraged the Social Studies Department members to help implement such a program. The principal had approved a course in Negro Heritage which the decedent took at Briarcliff College. The Briar-

cliff course was designed to instruct its students in the development of a curriculum and to acquaint them with all phases of the program. The course at Briarcliff was developed by the Board of Cooperative Educational Services and the respondent's Board of Education shared the costs for the Board of Cooperative Educational Services program.

It was established that the decedent had freedom to leave school so as to arrive at Briarcliff on time; that attendance at Briarcliff was not compulsory; that the decedent had permanent certification and did not need to attend for such purposes; that the particular course of study at Briarcliff was open to other faculty members regardless of their involvement in curriculum changes; and that no specific tuition was paid by the respondent for the decedent's course.

The decedent was killed at 6:45 P.M. on January 14, 1970 when his car was involved in a collision while he was returning from attending the course in Negro Heritage held at Briarcliff College. The class time for the course was from 4:00 P.M. to 6:00 P.M. on January 14, 1970.

The board found on the evidence in the record " that the decedent voluntarily attended the after school in-training course, that he was not paid to do so, that the Board of Education did not pay tuition costs for specific courses, that decedent was not an ' outside ' employee working in no fixed location  *  *  *  that decedent was returning home after the course when the fatal accident happened, [and]  *  *  *  that decedent's accidental death did not arise out of and in the course of employment."

The appellant contends that the record does not contain substantial evidence to support the finding of the board that the accident did not arise out of and in the course of employment.

Attendance at the particular place and incidental travel do not remove an employee from the employment even if voluntary, if such attendance was incidental to the ordinary employment and was undertaken at the employer's request (*Matter of Grieb* v. *Hammerle,* 222 N. Y. 382). Upon the testimony recited by the board in its decision there can be no doubt that the particular course at Briarcliff was reasonably incidental to the particular employment of this Social Studies teacher; that attendance at Briarcliff was advantageous to the employer; and that both superiors of the decedent had specifically approved the decedent's course at Briarcliff. Under such circumstances, the voluntariness of attendance would not be substantial evidence to support a conclusion that the decedent was not in the course of his employment while attending Briarcliff. As to the

payment of tuition, the testimony recited by the board establishes that a part of the expenses of the program was paid for by the employer and, in any event, it is established that the Briarcliff course was specifically designed to aid in the particular tasks assigned the decedent as part of his duties as a Social Studies teacher. The fact that decedent was not an outside employee is immaterial. Since the trip to Briarcliff was in the course of his employment, the return trip, during which the fatal accident took place, was also within the course of his employment. (See *Matter of Pasquel* v. *Coverly*, 3 A D 2d 346, revd. on other grounds 4 N Y 2d 28.)

The present record establishes that the decedent was not attending the course for a personal reason, but rather was doing so to further the Social Studies program at the school. In such circumstances it would be an unduly restrictive interpretation of the Workmen's Compensation Law to hold that compulsion vis-à-vis voluntary attendance was the determinative test where, as here, there is no issue as to whether the act of the decedent was for the best interests of his employer. *Matter of Costa* v. *New York State Workmen's Compensation Bd.* (34 A D 2d 585) is distinguishable. There this court stated: "Moreover, there would be no identifiable benefit accruing to the employer by claimant's taking the examination which was an activity for his benefit and solely by his own choice."

Upon the present record the facts found by the board are insufficient to support the conclusion that the death did not arise out of and in the course of the employment. (See *Bradley* v. *Frazier*, 17 A D 2d 235, 237; *Matter of O'Donnell* v. *Board of Educ. of City of Buffalo*, 15 A D 2d 600.)

The decision should be reversed, with costs, and matter remitted for further proceedings not inconsistent herewith.

GREENBLOTT, COOKE, SIMONS and REYNOLDS, JJ., concur.

Decision reversed, with costs, and matter remitted for further proceedings not inconsistent herewith.