■ In the Matter of the Claim of MICHAEL J. ORBINATI, Appellant, v UTICA MUTUAL INSURANCE COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed February 17, 1977, which affirmed the referee's finding that claimant was not entitled to reduced earnings. On August 3, 1970 claimant, employed by the Utica City School District as a physical education teacher, was injured in the course of his employment. He also served as coach of the track and football team, receiving an additional stipend of 17% of his teacher's salary for coaching. The average weekly wage was determined by taking all the claimant's earnings in that employment for one year prior to the injury, in accordance with subdivision 1 of section 14 of the Workers' Compensation Law. Thus, utilizing the 260 multiple, as prescribed by the statute, the average weekly wage was established at $285.50. Claimant returned to work with limitations that included a proscription against coaching. As a result of salary increments and despite his work limitations, his salary upon his return to work was greater than the average weekly wage. Claimant contends that since his postinjury salary did not include the allowance for coaching, he was experiencing reduced earnings. The board unanimously affirmed the referee's findings of no reduced earnings. The board correctly determined the average weekly wage. In order for the claimant to prevail, we would have to find that there were dual and dissimilar employments. Clearly, this was not the case. The record indicates that all of the claimant's work activities and duties were totally integrated and had as their foundation one skill, that of teaching. Furthermore, even if there were dual employments rather than a single employment, they would be similar in nature and character and the average weekly wage would have to be determined by combining the weekly wages of the "dual" or "concurrent" employments *(Matter of Sneyd v Joy-Kar Taxi,* 34 AD2d 722). Decision affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Larkin and Herlihy, JJ., concur.