■ In the Matter of the Claim of AHMAD OMAIR, Respondent, v N.Y.C. Two WAY, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed May 29, 1991, which, inter alia, ruled that claimant was an employee of N.Y.C. Two Way, Inc.

We reject the contention by N.Y.C. Two Way, Inc. (hereinaf-

ter the company) that it was denied a full and fair hearing because its representative did not testify at the December 5, 1990 hearing. It argues that neither the company nor its counsel had notice of the hearing. The record, however, establishes that at the August 22, 1990 hearing, which was attended by the company's counsel, the Workers' Compensation Law Judge stated that the next hearing would be on December 5, 1990 to take the testimony of both sides. The company's counsel specifically stated that he was going to call the company representative as a witness. Two affidavits of service show that the company and its representative were served with copies of the notice of hearing for December 5, 1990. In addition, at that hearing the company's counsel never stated that he was unprepared to proceed and never alleged a lack of notice. In fact, upon inquiry the counsel stated that he did not know why his client did not appear. Accordingly, we will not disturb the conclusion by the Workers' Compensation Board that the company was given ample opportunity to be present and was afforded its due process rights *(see, Matter of La Manque v Utica Concrete Prods.,* 177 AD2d 737; *Matter of Di Leonardo v Heathcote Fish Mkt.,* 97 AD2d 576; *Matter of Sammaritano v Attractive Fashions,* 96 AD2d 627, *lv denied* 60 NY2d 558).* Finally, insofar as the company did not raise the issue of the existence of an employment relationship between it and claimant and the Board did not address that issue it may not now be raised on this appeal *(see, Matter of Murtaugh v Bankers Trust Co.,* 111 AD2d 1064; *Matter of Shuler v City of Syracuse,* 40 AD2d 737).

Levine, J. P., Mercure, Mahoney, Casey and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.