■ In the Matter of the Claim of MIKE WEBB, Appellant, v TAD TEMPORARIES et al., Respondents. WORKERS COMPENSATION BOARD, Respondent. [711 NYS2d 221] —Spain, J. Appeals from two decisions of the Workers' Compensation Board, filed May 21, 1998 and June 4, 1999, which, *inter alia*, determined that claimant was not concurrently employed and established his average weekly wage.

In June 1993 claimant began working for C.A. Reed Associates, Inc., where he worked part time until late July or early August 1993, when he was advised that no work would be available for several weeks. Expecting to return to C.A. Reed on a full-time basis when work became available, claimant secured employment through TAD Temporaries in mid-August 1993. While so employed on August 17, 1993, he sustained a work-related injury and filed a claim for workers' compensation benefits. When his tentative average weekly wage was established solely on the basis of his earnings from TAD, claimant requested that his average weekly wage be recalculated based upon his claim of concurrent employment with C.A. Reed (*see*, Workers' Compensation Law § 14 [6]). After a lengthy administrative process, the Workers' Compensation Board, by decision filed May 21, 1998, concluded that there was no concurrent employment within the meaning of Workers' Compensation Law § 14 (6) and continued the case. Claimant filed a notice of appeal on or about June 25, 1998 and his contemporaneous application for full Board review was denied.

In the meantime, by notice dated June 15, 1998, claimant and the other interested parties were notified that a hearing had been scheduled to "[c]onsider memorandum of decision dated May 21, 1998". Claimant's attorney subsequently advised the Board that, as a result of the pending appeal and application for full Board review, he and his client would not be attending the scheduled hearing. At the conclusion of the hearing held in claimant's absence, a Workers' Compensation Law Judge determined that claimant had a 10% schedule loss of use of the left leg, made the tentative rates permanent and closed the case. By decision filed June 4, 1999, the Board affirmed the decision of the Workers' Compensation Law Judge and imposed an assessment of $20 against claimant's attorney. Claimant timely filed a notice of appeal from the Board's June 4, 1999 decision and that appeal, along with his appeal from the Board's May 21, 1998 decision, have now been consolidated for our review.

With regard to the Board's May 21, 1998 decision, we reject claimant's argument that the finding of no concurrent employment is unsupported by substantial evidence. "Workers' Compensation Law § 14 (6) was enacted to provide that if an injured worker was employed in two or more concurrent covered employments, the wages in all the employee's covered employments would be used in calculating the employee's average weekly wage" (*Matter of Abellon v Nyack Hosp.*, 190 AD2d 128, 130, *affd* 83 NY2d 812). We note that *Matter of Sneyd v*

*Joy-Kar Taxi* (34 AD2d 722), upon which claimant relies, was decided on the law as it existed prior to the enactment of Workers' Compensation Law § 14 (6). In any event, the evidence establishes that, in contrast to the facts in the *Sneyd* case, claimant herein never actually performed work and earned wages in the two employments at the same time. Thus, the Board's finding of no concurrent employment within the meaning of Workers' Compensation Law § 14 (6) will not be disturbed.

With regard to the June 4, 1999 decision, we reject claimant's argument that the Board lacked jurisdiction to set a permanent rate and consider a schedule loss of use award while his appeal from the May 21, 1998 decision was pending. Any suspension of the Board's continuing jurisdiction over the case during the pendency of the appeal was limited to the issues raised by the appeal (*see, Jones v Schenectady Boys Club*, 276 App Div 879). The only issue raised by the pending appeal in this case concerned concurrent employment, which was unrelated to the nature and extent of claimant's disability—the issue underlying the schedule loss of use award and the setting of a permanent rate. Thus, despite the pending appeal, the Board had continuing jurisdiction to make the award contained in its June 4, 1999 decision (*see, Matter of Smith v Shady Lawn Home for Adults*, 67 AD2d 1069).

With regard to claimant's due process argument, the record demonstrates that his failure to attend the hearing which resulted in the June 4, 1999 decision was not based on any claimed inadequacy of the notice of hearing but, rather, was based solely on the mistaken assumption that his pending appeal deprived the Board of continuing jurisdiction over the case. During the lengthy administrative process, claimant had ample opportunity to present evidence regarding the nature and extent of his disability and, while the medical evidence is sparse, it provides substantial evidence to support the Board's decision to make a schedule loss of use award and to make all tentative rates permanent.

The only remaining issue that merits any discussion concerns the Board's imposition of an assessment against claimant's attorney (*see*, Workers' Compensation Law § 142 [5]). Claimant contends that there is no basis for the assessment. The Board, which is the only other party having any interest in the assessment, elected not to file a brief in opposition to claimant's appeal and the Board's decision provides no reason or justification for the assessment. In these circumstances, we conclude that the relief sought by claimant with regard to the assessment should be granted.

Crew III, J. P., Carpinello, Graffeo and Rose, JJ., concur. Ordered that the decision filed May 21, 1998 is affirmed, without costs. Ordered that the decision filed June 4, 1999 is modified, without costs, by reversing so much thereof as imposed an assessment on claimant's attorney, and, as so modified, affirmed.