■ In the Matter of the Claim of RAYMOND J. DZIEDZIC, Respondent, v ORCHARD PARK CENTRAL SCHOOL DISTRICT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [725 NYS2d 143] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed March 23, 2000, which ruled that the death of claimant's decedent arose out of and in the course of her employment and granted the claim for workers' compensation death benefits.

Claimant's decedent, a kindergarten teacher, was killed in an automobile accident while traveling to school in the morning. As she had often done during her lengthy tenure as a teacher, she had stopped at a store to purchase items to be used by her students in a classroom project. The store was along her regular route to school and the accident happened after she had exited the store's parking lot and was on the route to school. The Workers' Compensation Board ultimately concluded that decedent's accident arose out of and in the course of her employment and granted the claim for workers' compensation death benefits. The employer and its workers' compensation carrier appeal.

The general rule that injuries sustained during travel to and from work are not compensable under the Workers' Compensation Law is subject to several exceptions, including "the 'special errand' exception, which provides that when the employee's travel serves a purpose of the employer, injuries sustained during that travel may be compensable" (*Matter of Neacosia v New York Power Auth.*, 85 NY2d 471, 475). The special errand exception is applicable "if the employer both encouraged the errand and obtained a benefit from the employee's performance of the errand" (*id.*, at 478). In applying this two-part test to the

case of an employee's errand to obtain a work-related item, this Court concluded that employer encouragement of the errand was lacking where the employer already provided the item (*see, Matter of Bobinis v State Ins. Fund*, 235 AD2d 955). The facts of this case, however, are readily distinguishable.

There is evidence in the record that decedent and her fellow kindergarten teachers at the school employed a hands-on, developmental approach to teaching, with the students involved in activities which included projects that required the purchase of materials that were not available in the school. The employer was not only aware of the activities and recognized them as extra efforts or enhancements in the teachers' annual evaluations, but also acknowledged parental satisfaction with the teachers' use of the activities. There is evidence that the employer was well aware that the teachers, including decedent, routinely purchased classroom project materials outside the school to facilitate their hands-on approach to teaching. The employer neither discouraged nor placed any limitations on the purchases which, depending upon the dollar amount, were subject either to reimbursement or the use of a purchase order.

Considering the Board's " 'wide latitude' in deciding whether the employee was engaged in a special errand" (*Matter of Neacosia v New York Power Auth.*, *supra*, at 478), we conclude that there is substantial evidence to support the conclusion that the employer not only benefitted from the teachers' purchases of materials outside the school, but also encouraged those purchases (*see, Matter of Bump v Central School Dist. No. 3*, 40 AD2d 243, *affd* 34 NY2d 577). Neither the employer's lack of prior knowledge of the particular errand in which decedent was engaged at the time of her death nor decedent's completion of her errand and return to her regular route to school prior to the accident precludes application of the special errand exception (*see, Matter of Neacosia v New York Power Auth.*, *supra*). The Board's decision is, therefore, affirmed.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.