■ In the Matter of the Claim of ROBERT NOEL, Respondent, v OWENS-BROCKWAY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [736 NYS2d 753] —Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed March 15, 2000, which ruled, inter alia, that the employer's application for review was untimely.

After a Workers' Compensation Law Judge (hereinafter WCLJ) issued a decision amending a claim for workers' compensation benefits to include additional injuries, the self-insured employer filed an application for review. In response, claimant argued that the appeal was not filed within the 30-day period established by Workers' Compensation Law § 23 and maintained that the underlying decision was supported by credible medical evidence in the record. The Workers' Compensation Board reviewed the record and adopted the WCLJ's findings of fact and opinion on the merits as "fully supported by the record," thus affirming his decision. The Board additionally noted that the appeal was late "and should be denied." On appeal to this Court, the employer argues that the Board erred in finding its application for review untimely.

An untimely application for Board review of a WCLJ's decision is not a jurisdictional defect since the Board has discretionary authority to consider an application beyond the 30-day period (*see, Matter of Chaousy v Marine Midland Bank*, 269 AD2d 625). Accordingly, regardless of whether the employer's ap-

plication for review was timely, the Board had the authority to consider the merits of the employer's appeal which it clearly did by reviewing the record, adopting the WCLJ's findings and affirming his decision. In effect, the Board adopted alternative grounds for resolving the appeal, one based on untimeliness and the other on the merits. On appeal to this Court, the employer argues the timeliness issue only and does not address the merits. Inasmuch as the Board was authorized to and did in fact determine the merits of the application for review, resolution of the only issue raised on this appeal in favor of the employer will not entitle the employer to any relief because the Board's alternative resolution of the application on the merits remains unchallenged. Accordingly, we find no reason to disturb the Board's decision.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.