■ In the Matter of the Claim of DEAN GIANNOUSIS, Appellant, v UNITED CEREBRAL PALSY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [753 NYS2d 624] —Kane, J. Appeal from a decision of the Workers' Compensation Board, filed November 13, 2001, which ruled that claimant's injury did not arise out of and in the course of his employment and denied his claim for workers' compensation benefits.

Claimant was injured at approximately 6:45 A.M. on January 11, 1996 when he slipped and fell at a bus stop while on his way to work. Claimant's employer requested that he come in early that morning to help clean ramps, remove ice and salt walkways, as a result of a snow storm the previous night. Claimant's normal working hours were 9:00 A.M. to 5:00 P.M. Following the accident, the employer filed a C-2 report of injury. Initially, the Workers' Compensation Board established the case for accident and notice, but closed the case until claimant submitted proper medical evidence of his injuries. Thereafter, the employer's workers' compensation carrier controverted claimant's right to compensation, raising the issues of accident, notice and causal relationship, which resulted in the reopening of claimant's case for further development of the record. Following a hearing, a Workers' Compensation Law Judge denied the claim finding that claimant's travel to work was not in the course of his employment. The Board affirmed that decision and this appeal ensued.

Initially, we reject claimant's contention that the Board erred by ignoring its initial decision that established accident and notice. Inasmuch as the Board had continuing jurisdiction of the case and was statutorily authorized to reopen it (*see* Workers' Compensation Law § 123; *Matter of Farcasin v PDG, Inc.*,

286 AD2d 840, 840-841; *Matter of MacKenzie v Management Recruiters*, 271 AD2d 822, 824-825, *lv denied* 95 NY2d 768), we will not disturb the Board's action as it came following a full review of the record and was not an abuse of discretion (*see Matter of Lalla v Astoria A.C.*, 156 AD2d 808, 809).

We are also unpersuaded by claimant's assertion that he was engaged in a special errand at the time of his injury. Generally, an injury sustained during travel to and from work is not compensable under the Workers' Compensation Law unless a recognized exception applies (*see Matter of Dziedzic v Orchard Park Cent. School Dist.*, 283 AD2d 878, 878; *Matter of Bobinis v State Ins. Fund*, 235 AD2d 955, 955-956). The "special errand" exception considers an employee to be acting within the scope of employment where, at the employer's direction, the employee undertakes a work-related errand and thereby "has altered the usual geographical or temporal scheme of travel, thereby altering the risks to which the employee is usually exposed during normal travel" (*Matter of Neacosia v New York Power Auth.*, 85 NY2d 471, 479). Here, claimant was exposed to the same risks as any other work day since he did not deviate at all from his normal route to work, but merely departed earlier than usual. Recognizing the fact-intensive nature of this analysis and that the Board is afforded wide latitude in determining whether an employee was engaged in a special errand (*see id.* at 478; *Matter of Dziedzic v Orchard Park Cent. School Dist.*, *supra* at 879), we conclude that substantial evidence supports the Board's determination that claimant's injury did not occur within the scope of his employment (*see Matter of Dziedzic v Orchard Park Cent. School Dist.*, *supra* at 879).

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.