■ In the Matter of the Claim of PATRICIA CARNEY, Appellant, v REGAL DRY CLEANERS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [754 NYS2d 758] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed June 19, 2001, which ruled that claimant's injuries did not arise out of and in the course of her employment and denied her claim for workers' compensation benefits.

Claimant, a front counter supervisor for a dry cleaning business, allegedly sustained various injuries in an automobile accident that occurred while on her lunch break. Before leaving the premises to make a payment at a local department store and to purchase her own lunch, claimant offered to pick up lunch for her coworkers. According to claimant, her supervisor asked that she pick up lunch for him. While returning to work with both lunches, claimant was involved in an accident and subsequently filed a claim for workers' compensation benefits. The Workers' Compensation Board ultimately denied claimant's application, finding that her injuries did not arise out of and in the course of her employment as her activities on the day of the accident did not amount to a "special errand" undertaken on behalf of the employer. This appeal by claimant ensued.

We affirm. As a general rule, an injury sustained during travel to and from work is not compensable under the Workers' Compensation Law as it does not arise out of and in the course of the injured worker's employment (*see Matter of Slack v Livingston-Wyoming ARC*, 294 AD2d 716, 718, *lv dismissed* 98 NY2d 727). Insofar as is relevant to this appeal, an exception to this rule lies where the employee is engaged in a "special er-

rand" for the employer. To trigger such exception, it must be demonstrated that the employer both encouraged the errand and obtained a benefit from the employee's performance thereof (*see Matter of Neacosia v New York Power Auth.*, 85 NY2d 471, 478; *Matter of Dziedzic v Orchard Park Cent. School Dist.*, 283 AD2d 878).

Here, the record is devoid of any evidence that claimant's supervisor affirmatively solicited or encouraged claimant to purchase lunch on his behalf. To the contrary, the testimony at the hearing revealed that claimant initiated the purchase by offering to procure lunch for any of her coworkers who might be interested. It is equally clear that claimant was planning on running a personal errand and purchasing her own lunch on the day in question regardless of whether any of her coworkers accepted her offer. Under such circumstances, we are unable to discern any basis upon which to disturb the Board's finding that claimant was not engaged in a special errand for the employer at the time of her accident. Claimant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.