■ In the Matter of the Claim of MARY PELLI, Appellant, v ST. LUKE'S MEMORIAL HOSPITAL CENTER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [763 NYS2d 144] —Appeal from a decision of the Workers' Compensation Board, filed January 30, 2002, which ruled that claimant did not sustain a causally related disability and denied her claim for workers' compensation benefits.

Claimant began working as a hospital cytology technician in

April 1990 and, within a few months, began to feel very ill. She was diagnosed with acute toxoplasmosis by physician Guy Wilcox in September 1990 and resigned in December 1990. Thereafter, claimant filed an application for workers' compensation benefits alleging that her illness was caused by exposure to blood and body fluids. The employer's workers' compensation carrier controverted the claim. Claimant's treating physician, Mark Zongrone, subsequently testified that claimant had toxoplasmosis as well as xylene exposure due to inadequate hood ventilation. The carrier's expert, however, questioned the reliability of the initial toxoplasmosis diagnosis and, in any event, concluded that claimant could not have acquired toxoplasmosis from laboratory specimens because the specimens were placed in formaldehyde before being handled. Following hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for occupational disease and awarded benefits. The carrier appealed and, upon review, the Workers' Compensation Board ordered the claim referred to an impartial specialist, Stuart Feinstein, who reviewed claimant's records and found no evidence of toxoplasmosis. The Board subsequently credited that opinion and further found that claimant's xylene exposure was within acceptable limits based on the proof. Claimant appeals.

Initially, we are unpersuaded that the Board erred in reviewing the WCLJ's finding of occupational disease because the carrier did not appeal from the WCLJ's decisions within 30 days as required by Workers' Compensation Law § 23. "An untimely application for Board review of a WCLJ's decision is not a jurisdictional defect since the Board has discretionary authority to consider an application beyond the 30-day period" (*Matter of Noel v Owens-Brockway*, 290 AD2d 739, 739 [2002] [citation omitted]). Accordingly, the Board had the authority to consider the employer's appeal (*see id.* at 740).

Turning to the merits, we find that the Board's determination is supported by substantial evidence. In deciding whether a claimant suffers from an occupational disease, "[t]he Board has broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (*Matter of Marshall v Murnane Assoc.*, 267 AD2d 639, 640 [1999], *lv denied* 94 NY2d 762 [2000]; *see Matter of Parisi v Incorporated Vil. of Val. Stream*, 284 AD2d 841, 842 [2001]), and this Court "will not interfere with the Board's resolution of conflicting facts even if the evidence rejected by the Board also is substantial" (*Matter of Altman v Hazan Import Corp.*, 198 AD2d 674, 675 [1993]; *see*

*Matter of Owens v Village of Ellenville Police Dept.,* 280 AD2d 786, 787 [2001], *appeal dismissed* 96 NY2d 859 [2001]).

Here, the Board credited the opinion of the impartial specialist that claimant did not have occupationally-related toxoplasmosis. The Board further credited the testimony of the carrier's lay witness, a laboratory director with the employer, indicating that claimant's exposure to xylene was within acceptable limits and the ventilation hood in claimant's work area functioned properly. Consequently, the Board chose not to credit the opinion of claimant's physician regarding xylene exposure. Although there is evidence in favor of claimant's position, this record does contain substantial evidence supporting the Board's factual findings and, therefore, its decision will not be disturbed.

Cardona, P.J., Mercure, Crew III, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.