■ In the Matter of the Claim of CHRISTOPHER DUFF, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [787 NYS2d 175]—

Spain, J. Appeals (1) from a decision of the Workers' Compensation Board, filed September 17, 2003, which ruled that claimant did not sustain a compensable injury and denied his claim for workers' compensation benefits, and (2) from a decision of said Board, filed February 26, 2004, which denied claimant's request for reconsideration and/or full Board review.

Claimant worked as a property manager for the Port Authority of New York and New Jersey (hereinafter the employer) in an office on the 86th floor of One World Trade Center. Although claimant was scheduled to work on September 11, 2001, he remained at home that morning waiting for workers who were scheduled to complete repairs to his bathroom. After he received a frantic telephone call informing him that one of the towers had been hit, claimant traveled to the World Trade Center site and was present when the second tower fell. Breathing in dust and smoke, he ran for his life and later became physically ill. He then returned every day throughout the following week, as a volunteer, to assist in the rescue efforts. It is undisputed at this

juncture that, as a result of his experience at the site on September 11, 2001, claimant sustained psychological injuries.

Initially, claimant's claim for benefits was not disputed and, in an April 11, 2002 decision, the Workers' Compensation Board found that claimant had a work-related accident, but closed the case without awarding benefits, pending receipt of medical evidence. The case was subsequently reopened and, on August 14, 2002, a Workers' Compensation Law Judge issued a decision further establishing claimant's case for work-related post-traumatic stress disorder. On March 20, 2003, following a hearing in which claimant testified as to his September 11, 2001 actions and experience, another WCLJ rendered a decision which, among other things, made an award of benefits based upon the previously determined work-related injury. The workers' compensation carrier then sought Board review of that decision and rescission of the August 14, 2002 decision establishing a work-related injury.

On September 17, 2003, the Board reversed both the August 14, 2002 and the March 20, 2003 decisions, finding that claimant's injury was not work-related. Claimant's application for reconsideration and/or full Board review was denied by decision filed February 26, 2004. Claimant now appeals from both the September 17, 2003 and February 26, 2004 decisions.

Claimant argues that the Board's decision to reverse the prior finding of a work-related injury was arbitrary and capricious because the employer did not file a timely objection in compliance with the requirements of Workers' Compensation Law §§ 23 and 25 (2) (b). As acknowledged by the Board, the carrier's application for review regarding the August 14, 2002 decision was clearly untimely; however, the Board has the discretionary authority, pursuant to Workers' Compensation Law § 123, to entertain an application beyond the 30-day period (*see Matter of Pelli v St. Luke's Mem. Hosp. Ctr.*, 307 AD2d 555, 556 [2003], *lv denied* 1 NY3d 501 [2003]; *Matter of Noel v Owens-Brockway*, 290 AD2d 739, 739-740 [2002]).* Upon our review of this record and, in particular the fact that a full hearing was not conducted until after the August 14, 2002 determination, we cannot say that the Board abused its broad discretion in reviewing that determination (*see Matter of Giannousis v United Cerebral Palsy*, 301 AD2d 945, 946 [2003]; *Matter of Lalla v Astoria A.C.*, 156 AD2d 808, 809 [1989]).

---

* Workers' Compensation Law § 123 provides that "[t]he power and jurisdiction of the board over each case shall be continuing, and it may, from time to time, make such modification or change with respect to former findings, awards, decisions or orders relating thereto, as in its opinion may be just."

Next, claimant contends that the Board erred in finding— contrary to the Board's April 11, 2002 and the WCLJ's August 14, 2002 determinations—that claimant's injury did not arise out of and in the course of his employment. Notably, "[p]ursuant to Workers' Compensation Law § 123, 'the Board has plenary authority to modify or rescind its previous decisions,' " and may revisit its initial determination of "whether a workplace accident did, in fact, actually occur" (*Matter of Tomlin v L & B Contract Indus.*, 307 AD2d 682, 683-684 [2003], quoting *Matter of Buchanon v Adirondack Steel Casting Co.*, 175 AD2d 971, 971 [1991]). Here, substantial evidence exists in the record to support the Board's decision. Claimant admitted at the March 2003 hearing that he was at home when the towers were hit and decided, of his own volition and not at the request or direction of his employer, to risk his life by going to the site and, thereafter, to assist as a volunteer in the rescue efforts. Accordingly, the decision must be affirmed (*see Matter of Giannousis v United Cerebral Palsy, supra* at 946; *cf. Matter of Tompkins v Morgan Stanley Dean Witter*, 1 AD3d 695, 696 [2003]).

Finally, we reject claimant's contention that he was deprived of due process. Claimant was given a full hearing and afforded ample opportunity to argue the issue of whether the injury was work-related in his rebuttal of the employer and carrier's application for Board review (*see Matter of Webb v TAD Temporaries*, 274 AD2d 767 [2000], *lv denied* 95 NY2d 768 [2000]; *Matter of Omair v N.Y.C. Two Way*, 188 AD2d 770 [1992]).

Mercure, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.