■ In the Matter of the Claim of DEBORAH STILWELL, Respondent, v SODEXHO MARRIOTT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [846 NYS2d 401]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed June 30, 2006, which ruled, among other things, that the workers' compensation carrier failed to comply with Workers' Compensation Law § 13-a (5).

After suffering a work-related injury to her left hip, claimant was awarded workers' compensation benefits and underwent authorized hip replacement surgery. As a result of recurring dislocations of the replacement hip joint, claimant's treating physician ultimately recommended that she have hip replacement revision surgery. When claimant filed a request for Workers' Compensation Board authorization of the revision surgery, the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) opposed claimant's request on the ground that the need for it was due to intervening events and not causally related to her established hip injury. At the hearing, however, the employer presented no medical evidence as to the cause of her need for surgery. After the Workers' Compensation Law Judge found the requisite causal relationship and authorized the surgery, the employer sought Board review. The Board determined that the surgery was authorized by the employer's failure to comply with Workers' Compensation Law § 13-a (5), which had required it to support a denial of authorization with a conflicting medical opinion. The employer appeals.

There is no dispute that, in response to the opinion of claimant's physician supporting her request for authorization of surgery, the employer cited no conflicting medical opinion and merely asserted that her dislocations had causes other than her original injury. Inasmuch as the employer did not then, and does not now, maintain that it ever obtained a medical opinion disputing the causal relationship between the surgery and claimant's original injury, we agree that the evidence establishes that the employer unjustifiably withheld authorization in violation of Workers' Compensation Law § 13-a (5). To the extent that the employer argues that the Board considered compliance with the statute sua sponte and thereby deprived it of due process, we note that the employer was given a full hearing and a fair opportunity to offer all of its available evidence (see Matter of Dishaw v Midas Serv. Experts, 27 AD3d 921, 921 [2006]; Matter of Duff v Port Auth. of N.Y. & N.J., 13 AD3d 875, 877 [2004]; Matter of Webb v TAD Temporaries, 274 AD2d 767, 769 [2000], lv denied 95 NY2d 768 [2000]). Although the Board considered

the issue of the need for surgery only in terms of compliance with Workers' Compensation Law § 13-a (5), we perceive no deprivation of any opportunity to present contrary evidence. In addition, the employer does not now claim that it complied with the statute, that the statute did not apply or that it was ignorant of the statute's requirements. We have considered the employer's remaining contentions and find them to be without merit.

Mercure, J.P., Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.