■ In the Matter of the Claim of ARLENE GIOIA, Appellant, v MIDDLETOWN SCHOOL DISTRICT, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [851 NYS2d 284]—

---

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed December 1, 2006, which ruled that claimant did not sustain an injury arising out of and in the course of her employment and denied her claim for workers' compensation benefits.

Claimant, a home tutor for the employer, was injured when she fell in the parking lot of a public library after driving there to conduct research in preparation for that day's assignments. Thereafter, claimant applied for workers' compensation benefits. Following hearings, a Workers' Compensation Law Judge, finding that claimant's injury arose out of and in the course of her employment, awarded her benefits. The Workers' Compensation Board reversed, prompting this appeal.

We affirm. Claimant contends that the Board erred in finding that her stopping at the public library did not make her eligible for benefits under the "special errand" exception. While an injury suffered traveling to and from work is not generally compensable, there is an exception where the employee is engaged in a special errand for the employer (*see Matter of Neacosia v New York Power Auth.*, 85 NY2d 471, 478 [1995]; *Matter of Carney v Regal Dry Cleaners*, 302 AD2d 702, 702-703 [2003]; *Matter of Dziedzic v Orchard Park Cent. School Dist.*, 283 AD2d 878, 878 [2001]). To qualify for this exception, the employer must have both encouraged the errand and benefitted from the employee's performance of it (*see Matter of Neacosia v New York Power Auth.*, 85 NY2d at 478; *Matter of Murphy v Mt. Sinai Hosp.*, 37 AD3d 919, 919 [2007]; *Matter of Carney v Regal Dry Cleaners*, 302 AD2d at 703).

Here, there is no evidence in the record that the employer encouraged claimant to either use the public library for research or do any outside preparation for her tutoring assignments. To the contrary, claimant's testimony revealed that she decided to go to the library to do research of her own volition (*compare Matter of Ybarsabal v Long Is. Coll. Hosp.*, 35 AD2d 766 [1970]). Given the Board's wide latitude in determining whether a claimant was engaged in a special errand (*see Matter of Neacosia v New York Power Auth.*, 85 NY2d at 478; *Matter of Giannousis v United Cerebral Palsy*, 301 AD2d 945, 946 [2003]), we find that the Board's determination was supported by substantial evidence. We have considered claimant's remaining arguments and find them to be without merit.

Peters, J.P., Carpinello, Rose and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.