■ In the Matter of the Claim of TIMOTHY FORSYTH, Respondent, v STATEN ISLAND DEVELOPMENTAL DISABILITIES SERVICES OFFICE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [942 NYS2d 907]—

Lahtinen, J. Appeals from two decisions of the Workers' Compensation Board, filed September 15, 2010 and July 21, 2011, which, among other things, determined that claimant was concurrently employed and established his average weekly wage.

Claimant was involved in an automobile accident and injured

---

his head and left shoulder during the course of his year-round weekend employment as a lifeguard with the Staten Island Developmental Disabilities Services Office (hereinafter the employer). After he filed a claim for workers' compensation benefits, claimant's annual weekly wage was established by a Workers' Compensation Law Judge using earnings from concurrent seasonal employment as a lifeguard for the City of New York. On administrative appeal, as relevant here, the Workers' Compensation Board ultimately affirmed the finding of concurrent employment. The employer and its workers' compensation carrier now appeal.

We affirm. The record demonstrates that claimant was employed on weekends by the employer year round for 12 years and had been seasonally employed for the City of New York between the months of May and September since 1978. Claimant worked for both employers concurrently during the previous 12 summers, participated in training and received a promotion with respect to his seasonal employment during the off season and returned to his seasonal lifeguard position following the injury. As such, we find that substantial evidence supports the Board's finding that claimant was concurrently employed (*see* Workers' Compensation Law § 14 [6]; *Matter of Webb v TAD Temporaries*, 274 AD2d 767, 769 [2000], *lv denied* 95 NY2d 768 [2000]; *Stone Bridge Farm*, 2010 WL 2752803, *2, 2010 NY Wrk Comp LEXIS 6027, *3-4 [WCB No. G011 5175, July 8, 2010]).

Mercure, J.P., Spain, McCarthy and Garry, JJ., concur. Ordered that the decisions are affirmed, without costs.