Matter of Waters v New York City Tr. Auth. (2022 NY Slip Op 02474)

Matter of Waters v New York City Tr. Auth.

2022 NY Slip Op 02474

Decided on April 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 14, 2022

533860
[*1]In the Matter of the Claim of Quinton Waters, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:March 22, 2022

Before:Lynch, J.P., Clark, Reynolds Fitzgerald, Colangelo and McShan, JJ.

Fusco, Brandenstein & Rada, PC, Woodbury (Kenneth Larkin of counsel), for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for New York City Transit Authority, respondent.

Lynch, J.P.
Appeal from a decision of the Workers' Compensation Board, filed November 23, 2020, which ruled, among other things, that claimant's injury did not arise out of and in the course of his employment and denied his claim for workers' compensation benefits.
Claimant, a station agent, worked from 6:00 a.m. to 2:00 p.m. five days a week rotating on a six-month schedule between five different booths, with Wednesday and Thursday as his days off. On Wednesday, June 26, 2019, claimant, who had accepted an overtime assignment for that day and was wearing his station uniform, was struck by a vehicle at about 4:27 a.m. while riding his bicycle to work and sustained various injuries, including a traumatic brain injury. Thereafter, claimant filed a claim for workers' compensation benefits, which was controverted by the self-insured employer.
At the ensuing hearing, claimant testified that he was unable to remember the time and location of the overtime assignment due to the injuries he sustained on the day of the accident. Claimant further testified, however, that he generally preferred to accept overtime work within 30 minutes from his home. The self-insured employer admitted that claimant was scheduled to work at 6:00 a.m. on the day of the accident but did not produce a witness or provide any information as to which station claimant was scheduled to report, and its request to subsequently produce an unidentified witness to provide such information was precluded by the Workers' Compensation Law Judge (hereinafter WCLJ). At the conclusion of the hearing, the WCLJ established the claim as compensable, finding that the accident arose out of and in the course of claimant's employment. Upon administrative appeal, the Workers' Compensation Board reversed the WCLJ and disallowed the claim, finding that claimant was not within the scope of his employment while traveling to work. Claimant appeals.
As a general rule, traveling to and from work is not within the scope of employment and any injuries sustained during that period are not subject to a workers' compensation award (see Matter of Neacosia v New York Power Auth., 85 NY2d 471, 475 [1995]; Matter of Davis v Labor Ready, 69 AD3d 1214, 1215 [2010]). Exceptions to this general rule exist, however, and include, as is relevant here, "outside employees who, as a distinguishing feature of their employment, have no fixed work site and are required to travel between job locations" (Matter of Wright v Nelson Tree Serv., 182 AD3d 853, 854 [2020] [internal quotation marks and citations omitted]), and employees engaged in a special errand, wherein, "at the employer's direction, the employee undertakes a work-related errand and thereby 'has altered the usual geographical or temporal scheme of travel, thereby altering the risks to which the employee is usually exposed during normal travel'" (Matter of Giannousis v United Cerebral Palsy, 301 AD2d 945, 946 [2003], quoting Matter of Neacosia v New York Power Auth., 85 [*2]NY2d at 479).
In finding that the claim was compensable, the WCLJ found that claimant was engaged in a special errand given that he was traveling for the purpose of an overtime assignment and at a location different from his regular work locations. The Board, however, did not address the exception relied upon by the WCLJ but, instead, found that the outside employee exception did not apply in concluding that the accident did not arise out of or in the course of claimant's employment. Whether an exception to the general rule applies turns on the Board's fact-intensive analysis of the particular circumstances of a given case (see Matter of Neacosia v New York Power Auth., 85 NY2d at 479; Matter of Giannousis v United Cerebral Palsy, 301 AD2d at 946), and "[t]he courts are bound by the . . . Board's findings of fact which, including the ultimate fact of arising out of and in the course [of employment], must stand unless erroneous in law and regardless of whether conflicting evidence is available" (Matter of Junium v Bazzini Co., 86 AD2d 690, 690 [1982] [internal quotation marks and citations omitted]). The fact that claimant was not an outside employee, as found by the Board, is not dispositive as to whether the special errand exception applies, which was the basis of the WCLJ's finding that claimant was entitled to workers' compensation benefits. As the Board has made no findings of fact with regard to whether the special errand exception applies, the matter must be remitted to the Board for further proceedings in regard to this particular issue.
Clark, Reynolds Fitzgerald, Colangelo and McShan, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.