Matter of Serrata v Suffolk County Police Dept. (2023 NY Slip Op 02725)

Matter of Serrata v Suffolk County Police Dept.

2023 NY Slip Op 02725

Decided on May 18, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 18, 2023

534726 
[*1]In the Matter of the Claim of Tulio Serrata, Appellant,
v
Suffolk County Police Department, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:May 3, 2023

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Ceresia, JJ.

Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, Brooklyn (Michael K. Gruber of counsel), for appellant.
Cherry, Edson & Kelly, LLP, Melville (David W. Farber of counsel), for Suffolk County Police Department, respondent.

Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed January 12, 2022, which ruled that claimant's injury did not arise out of and in the course of his employment and denied his claim for workers' compensation benefits.
On April 26, 2021, claimant, a detective sergeant, was scheduled to work for the self-insured employer from 9:00 a.m. to 5:00 p.m. and, as the supervisor for that shift, he was on standby from 1:00 a.m. to 9:00 a.m. At approximately 4:15 a.m., claimant received a call from a sergeant informing him that a grand larceny had occurred and that a suspect was being held. Upon being informed of the foregoing, claimant made telephone calls to two other detectives and instructed them to, among other things, investigate the crime, obtain a search warrant and interrogate the suspect being held. Soon thereafter, claimant used his personal vehicle to travel to the police precinct to, as required, secure a police vehicle to use to travel to the crime scene. While en route to the precinct, claimant was stopped at a traffic light when, at 4:53 a.m., his vehicle was struck from behind by a garbage truck, resulting in claimant sustaining injuries. Thereafter, claimant filed a claim for workers' compensation benefits, which was controverted by the self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer). Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim, finding that the accident arose out of and in the course of claimant's employment. Upon administrative appeal, the Workers' Compensation Board reversed the decision of the WCLJ and disallowed the claim, finding that claimant was not within the scope of his employment while traveling to work and that the special errand exception did not apply. Claimant appeals.
We reverse. An injury sustained by an employee is compensable under the Workers' Compensation Law if it "aris[es] out of and in the course of the employment" (Workers' Compensation Law § 10 [1]; see Workers' Compensation Law § 2 [7]; Matter of Neacosia v New York Power Auth., 85 NY2d 471, 474-475 [1995]; Matter of Warner v New York City Tr. Auth., 171 AD3d 1429, 1429-1430 [3d Dept 2019]; Matter of Chadha v J.B. Lippincott Co., 300 AD2d 923, 925 [3d Dept 2002]), and, "[g]iven the remedial nature of the Workers' Compensation Law, we have consistently construed this requirement liberally[] in order to effectuate the economic and humanitarian objectives of the act" (Matter of Lemon v New York City Tr. Auth., 72 NY2d 324, 326 [1988] [internal quotation marks and citation omitted]). "Injuries incurred while commuting to work are generally not covered because the risks inherent in traveling to and from work relate to the employment only in the most marginal sense" (Matter of Rodriguez v New York City Tr. Auth., 161 AD3d 1501, 1502 [3d Dept 2018] [internal quotation marks and citations omitted], lv denied 32 NY3d 916 [2019]; accord Matter [*2]of Warner v New York City Tr. Auth., 171 AD3d at 1430). However, as relevant here, "[t]he 'special errand' exception considers an employee to be acting within the scope of employment where, at the employer's direction, the employee undertakes a work-related errand and thereby 'has altered the usual geographical or temporal scheme of travel, thereby altering the risks to which the employee is usually exposed during normal travel' " (Matter of Giannousis v United Cerebral Palsy, 301 AD2d 945, 946 [3d Dept 2003], quoting Matter of Neacosia v New York Power Auth., 85 NY2d at 479; see Matter of Waters v New York City Tr. Auth., 204 AD3d 1208, 1209 [3d Dept 2022]). The special errand exception is applicable "if the employer both encouraged the errand and obtained a benefit from the employee's performance of the errand" (Matter of Neacosia v New York Power Auth., 85 NY2d at 478; see Matter of Gioia v Middletown School Dist., 48 AD3d 841, 842 [3d Dept 2008]; Matter of Carney v Regal Dry Cleaners, 302 AD2d 702, 703 [3d Dept 2003]).
At the hearing, there was testimony from the employer's witness that claimant's shift and overtime pay did not begin until claimant arrived at the police station and checked out a police vehicle. Even if true, however, these facts are not dispositive of whether the special errand exception applies. Irrespective of when claimant's overtime pay began, the record reflects that claimant was contacted at 4:15 a.m., at which time claimant began his command and coordination of the criminal investigation of the grand larceny. It was at this point that claimant was engaged in a special errand, as he was then required to report to work early in order to pick up a police vehicle so that he could proceed directly to the crime scene in that vehicle. Although claimant testified that he traveled to the police station along his "usual geographical" route, the work-related activity that claimant was encouraged/required by his employer to do and performed for the employer's benefit upon being called in early while on standby required claimant to "alter[ ] the usual . . . temporal scheme of travel, thereby altering the risks to which [claimant was] usually exposed during normal travel" (Matter of Neacosia v New York Power Auth., 85 NY2d at 479 [emphasis added]). The Board identified the correct standard articulated by the Court of Appeals but misapplied the special errand exception by overlooking the altered temporal scheme of claimant's travel and significance of the work-related activity performed by claimant for the employer's benefit upon being contacted by the employer while on standby (see Matter of Borgeat v C & A Bakery, 89 AD3d 1296, 1297 [3d Dept 2011]; Matter of Dziedzic v Orchard Park Cent. School Dist., 283 AD2d 878, 878-879 [3d Dept 2001]; Matter of Bump v Central School Dist. No. 3, Montrose, N.Y., 40 AD2d 243, 245 [3d Dept 1972]; compare Matter of Gray v Lyons Transp., 179 AD2d 985, 986 [3d Dept 1992], with Matter of Giannousis v [*3]United Cerebral Palsy, 301 AD2d at 946). Given the foregoing, we reverse the decision of the Board and remit the matter to the Board for further proceedings.
Egan Jr., J.P., Lynch, Pritzker and Ceresia, JJ., concur.
ORDERED that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.